WILLIAM L. ANKERMAN *v.* JACK C. MANCUSO
(SC 17086)

Borden, Norcott, Katz, Palmer and Vertefeuille, Js.

Argued September 9—officially released November 16, 2004

*James Colin Mulholland,* for the appellant (defendant).

*Darcy W. Ankerman,* with whom was *William L. Ankerman,* pro se, for the appellee (plaintiff).

*Opinion*

VERTEFEUILLE, J. In this certified appeal, the defendant, Jack C. Mancuso, appeals from the judgment of

the Appellate Court reversing the judgment of the trial court that was rendered in his favor. See *Ankerman* v. *Mancuso*, 79 Conn. App. 480, 830 A.2d 388 (2003). The defendant claims that the Appellate Court improperly determined that a violation of rule 1.8 (j) of the Rules of Professional Conduct[1] by the plaintiff, William L. Ankerman, does not bar enforcement of a promissory note executed by the defendant for payment of legal fees for services rendered by the plaintiff. See id., 487. We affirm the judgment of the Appellate Court.

The following facts and procedural history, as noted in the record and in the Appellate Court's opinion, are relevant to our resolution of this appeal. At all relevant times, the plaintiff was an attorney licensed to practice law in Connecticut. The defendant retained the plaintiff as his attorney from October, 1988, to August, 1991. The plaintiff brought the present action to recover legal fees due to him under a promissory note executed by the defendant. The plaintiff sought only to obtain judgment on the promissory note and did not seek to foreclose the mortgage that secured the note. The defendant originally had retained the plaintiff to represent him in two separate actions: a paternity action and an action involving title to property at 17–19 Keller Avenue in Enfield (Keller Avenue property).

In July, 1990, the plaintiff and the defendant agreed that the defendant would sign a promissory note to evidence the obligation to pay the legal fees that he owed to the plaintiff as of June 4, 1990, and that the defendant also would secure the note with a mortgage.

---

[1] Rule 1.8 (j) of the Rules of Professional Conduct provides: "A lawyer shall not acquire a proprietary interest in the cause of action or subject matter of litigation the lawyer is conducting for a client, except that the lawyer may:

"(1) Acquire a lien granted by law to secure the lawyer's fee or expenses; and

"(2) Contract with a client for a reasonable contingent fee in a civil case."

The defendant thereafter signed a promissory note to the plaintiff for payment of fees accrued as of that date and also executed a mortgage on the Keller Avenue property securing the note. At the time that the note was executed, the plaintiff was representing the defendant in an appeal from a judgment concerning title to the Keller Avenue property, in which the defendant had been ordered to transfer one half of the title to another party. When the plaintiff sent the note and mortgage to the defendant to be signed, he included a letter encouraging the defendant to consult another attorney before signing the note and mortgage in compliance with rule 1.8 (a) (2) of the Rules of Professional Conduct,[2] which governs transactions between attorneys and their clients. The defendant returned the executed note and mortgage, along with the recording fee, to the plaintiff in August, 1990. In December, 1990, the appeal involving the title to the Keller Avenue property was resolved against the defendant and he was ordered to convey full title to the property to the other party.[3] The plaintiff ceased representing the defendant on August 12, 1991. In September, 1991, the defendant wrote a letter to the plaintiff demanding the removal of the mortgage on the Keller Avenue property. The mortgage was not removed and remains on the property as a second mortgage.

"On February 25, 1997, the plaintiff brought [the present] action in a single count complaint. The defendant filed several special defenses . . . . The case pro-

---

[2] Rule 1.8 (a) of the Rules of Professional Conduct provides in relevant part: "A lawyer shall not enter into a business transaction . . . with a client or former client or knowingly acquire an ownership, possessory, security or other pecuniary interest adverse to a client or former client unless . . .

"(2) The client or former client is advised in writing that the client or former client should consider seeking the advice of independent counsel in the transaction and is given a reasonable opportunity to do so . . . ."

[3] See *Dorsey* v. *Mancuso*, 23 Conn. App. 629, 583 A.2d 646 (1990), cert. denied, 217 Conn. 809, 585 A.2d 1234 (1991).

ceeded to trial, and the court issued an oral decision in favor of the defendant on the complaint . . . . The [trial] court found that the defendant had not paid the plaintiff the $6218.81 incurred for legal services rendered. The [trial] court then turned to the first special defense, which alleged a violation of rule 1.8 of the Rules of Professional Conduct as a bar to the enforcement of the note and mortgage, and found that the plaintiff had violated the ethical rule by taking a note secured by a mortgage on property that was the subject of the appeal he was prosecuting on the defendant's behalf. The [trial] court concluded that the plaintiff had violated rule 1.8 and the public policy underlying that rule [and thus found that the note and mortgage were unenforceable]." Id., 482–83.

The trial court thereafter rendered judgment for the defendant, and the plaintiff appealed from that judgment to the Appellate Court, claiming that the trial court improperly had concluded that the plaintiff's violation of rule 1.8 (j) barred enforcement of the promissory note and mortgage executed by the defendant. The Appellate Court reversed in part the judgment of the trial court, concluding that the plaintiff's ethical violation of the Rules of Professional Conduct was not a legally sufficient basis upon which to preclude the enforcement of an otherwise valid promissory note and mortgage. Id., 488.

We thereafter granted the defendant's petition for certification to appeal limited to the following issue: "Did the Appellate Court properly conclude that the trial court improperly refused to enforce a secondary mortgage loan transaction made by an attorney with a client despite its finding that the transaction violated the public policy underlying rule 1.8 (j) of the Rules of Professional Conduct?" *Ankerman* v. *Mancuso*, 266 Conn. 925, 926, 835 A.2d 471 (2003). This appeal followed.

After reviewing the record and the parties' briefs, and after considering the claims of the parties during oral argument in this court, we now conclude that the certified issue should be rephrased to more precisely reflect the issue before us. See, e.g., *Stamford Hospital* v. *Vega*, 236 Conn. 646, 648–49 n.1, 674 A.2d 821 (1996) (this court may rephrase certified questions in order to render them more accurate in framing issues that case presents). Accordingly, we consider the following revised question: "Did the Appellate Court properly conclude that the trial court improperly refused to enforce a promissory note made by a client in favor of his attorney despite the trial court's finding that the attorney's acceptance of the mortgage securing the promissory note violated the public policy underlying rule 1.8 (j) of the Rules of Professional Conduct?" We affirm the judgment of the Appellate Court, albeit on different reasoning.

The reframed certified question requires us to determine whether a promissory note from a client to an attorney stating an obligation to pay attorney's fees is enforceable if it is secured by a mortgage of questionable ethical posture. Whether the Appellate Court properly determined that a promissory note is enforceable under these circumstances presents a question of law over which our review is plenary. *Olson* v. *Accessory Controls & Equipment Corp.*, 254 Conn. 145, 156, 757 A.2d 14 (2000).

We begin our analysis with a brief review of the fundamental difference between a promissory note and a mortgage securing the promissory note. "A note and a mortgage given to secure it are separate instruments, executed for different purposes . . . ." (Internal quotation marks omitted.) *New England Savings Bank* v. *Bedford Realty Corp.*, 238 Conn. 745, 759, 680 A.2d 301 (1996). A promissory note is simply "a written contract for the payment of money." *Appliances, Inc.* v. *Yost,*

181 Conn. 207, 210, 435 A.2d 1 (1980). A mortgage, however, is "[a] conveyance of title to property that is given as security for the payment of a debt . . . ." Black's Law Dictionary (7th Ed. 1999).

A promissory note and a mortgage securing the note thus give rise to separate causes of action. "[I]n this [s]tate action for foreclosure of the mortgage and upon the note are regarded and treated, in practice, as separate and distinct causes of action . . . ." (Internal quotation marks omitted.) *New England Savings Bank* v. *Bedford Realty Corp.*, supra, 238 Conn. 759. It is well established in Connecticut that a creditor may pursue either cause of action against a debtor. "[A creditor] has two separate and distinct causes of action against a defaulting mortgagor. A [creditor] may pursue an action at law for the amount due on the promissory note, or it may pursue its remedy in equity and foreclose on the mortgage." (Internal quotation marks omitted.) *Federal Deposit Ins. Corp.* v. *Voll*, 38 Conn. App. 198, 206, 660 A.2d 358, cert. denied, 235 Conn. 903, 665 A.2d 901 (1995).

With these principles in mind, we turn to the text of rule 1.8 (j) of the Rules of Professional Conduct, which, by its terms, prohibits an attorney from acquiring a proprietary interest in litigation in which he or she represents a client: "A lawyer shall not acquire a proprietary interest in the cause of action or subject matter of litigation the lawyer is conducting for a client, except that the lawyer may: (1) Acquire a lien granted by law to secure the lawyer's fee or expenses; and (2) Contract with a client for a reasonable contingent fee in a civil case." Rule 1.8 (j) "states the traditional general rule that lawyers are prohibited from acquiring a proprietary interest in litigation. This general rule . . . has its basis in common law champerty and maintenance . . . ." Rules of Professional Conduct 1.8, commentary. "Champerty is simply a specialized form of maintenance

in which the person assisting another's litigation becomes an interested investor because of a promise by the assisted person to repay the investor with a share of any recovery." C. Wolfram, Modern Legal Ethics (1986) § 8.13, p. 490; see also *Richardson* v. *Rowland*, 40 Conn. 565, 570 (1873). Rule 1.8 is intended to avoid conflicts of interest between attorneys and clients. Specifically, the rule addresses the concern that "the lawyer will not seek and accept client guidance on major decisions in the lawsuit because of the lawyer's own economic interest in the outcome." C. Wolfram, supra, p. 492.

In reversing the trial court, the Appellate Court assumed, without explicitly deciding in its opinion, that rule 1.8 (j) is violated when an attorney takes a security interest in a client's property when the property is the subject of litigation in which the attorney is representing the client. *Ankerman* v. *Mancuso*, supra, 79 Conn. App. 487. We have found, however, that there is a division of authority among other jurisdictions as to whether an attorney's taking of a security in a client's property that is the subject of litigation in which the attorney represents the client constitutes the acquisition of a proprietary interest in violation of the rule. One line of cases concludes that acceptance of such security does constitute the acquisition of a proprietary interest in violation of rule 1.8 (j). See, e.g., *In re Rivera-Arvelo*, 830 F. Sup. 665, 668 (D.P.R. 1993) (attorney disbarred indefinitely for acquiring property interest in subject matter of lawsuit he handled for client); *People* v. *Mason*, 938 P.2d 133, 134, 138 (Colo. 1997) (attorney suspended for six months for accepting interest in client's property as payment for past fees with knowledge that said property was likely to become subject of litigation); *Attorney Grievance Commission* v. *Harris*, 371 Md. 510, 551, 557, 810 A.2d 457 (2002) (attorney suspended indefinitely for, inter alia, purchasing client's home in foreclosure sale while also representing client

in bankruptcy proceedings with knowledge that bankruptcy proceedings had been initiated to forestall foreclosure of client's home). A contrary line of cases, however, concludes that an attorney's acquisition of a mortgage on a client's property that is the subject matter of the litigation in which he or she represents the client does *not* constitute the acquisition of a proprietary interest as long as the attorney does not acquire an *ownership* interest in the property. See, e.g., *Skarecky & Horenstein, P.A.* v. *3605 North 36th St. Co.*, 170 Ariz. 424, 428, 825 P.2d 949 (1991) (concluding that assignment creating security interest in specified collateral in favor of attorney for fee payment did not violate Arizona's equivalent of rule 1.8 [j] of Rules of Professional Conduct); *Burk* v. *Burzynski*, 672 P.2d 419, 426 (Wyo. 1983) (concluding that assignment of client's recovery to attorney to secure payment of past due counsel fees was valid under Wyoming's equivalent of rule 1.8 [j] of the Rules of Professional Conduct).[4]

We need not decide in the present case whether the plaintiff's acquisition of a mortgage on the defendant's property violates rule 1.8 (j) because the plaintiff in this action is seeking only to enforce the promissory note, and is not seeking to foreclose the mortgage. We conclude that the plaintiff's action to enforce the promissory note alone, an instrument separate from the mortgage, is not barred by rule 1.8 (j). The defendant

---

[4] We note that a similar division of authority exists within Connecticut on this issue. Compare *In re Kiefer*, Statewide Grievance Committee Op. No. 86-0673 (1988) (finding that attorney's acquisition of security interest in client's property that is subject of litigation in which attorney is representing client constitutes taking of proprietary interest in violation of rule 1.8 [j]) with Connecticut Bar Association Committee on Professional Ethics, Informal Op. No. 97-4 (1997) (explicitly disagreeing with statewide grievance committee's decision in *In re Kiefer* and concluding that attorney's acquisition of security interest in client's property taken to secure fee is conditional interest in property rather than proprietary interest and thus not prohibited by rule 1.8 [j]).

cites no authority, and we are aware of none, supporting the contention that the promissory note is unenforceable under rule 1.8 (j). Rule 1.8 (j) makes no reference to the propriety of a promissory note from a client to an attorney. The gravamen of rule 1.8 (j) lies in the prohibition of an attorney's acquisition of a "proprietary interest" in the cause of action or subject matter of the litigation in which the attorney is representing the client. In accepting a promissory note from a client, an attorney acquires no interest in the client's property or cause of action.

Moreover, the public policy underlying rule 1.8 (j) is not offended by an attorney's acceptance of a promissory note from a client. Rule 1.8 (j) endeavors to prevent conflicts of interest between an attorney and his or her client by prohibiting the attorney's acquisition of a proprietary interest in the litigation or the subject matter of the litigation in which he or she is representing the client. A promissory note does not convey to the attorney any interest in the litigation or in the property that is the subject of the litigation. In the present case, the defendant's sole obligation under the promissory note is to pay the amount owed as per its terms. As the holder of the promissory note, the plaintiff has a well recognized right in Connecticut to pursue an action at law for the amount due on the note, a cause of action separate and distinct from the equitable remedy of foreclosure of the mortgage.

Our conclusion is buttressed by an opinion of the American Bar Association's Committee on Ethics and Professional Responsibility concerning the propriety of an attorney's acceptance of a promissory note evidencing the obligation to pay legal fees. That committee concluded that "it would not per se be unethical for [an] attorney to accept from the client, or even suggest, a promissory note in the amount of the agreed fee . . . ." A.B.A. Committee on Ethics and Professional

Responsibility, Informal Op. No. C-741 (1964). Accordingly, we conclude in the present case that rule 1.8 (j) does not prohibit the enforcement by the plaintiff of the promissory note given by the defendant.

The judgment of the Appellate Court is affirmed.

In this opinion the other justices concurred.