## KENNETH W. CLARK *v.* MARY ANN CLARK
### (AC 30430)

DiPentima, Gruendel, Harper, Lavine and Robinson, Js.

Argued April 16—officially released July 7, 2009

*Arnold H. Rutkin,* for the appellant (proposed intervenor).

*Mary Ann Clark,* pro se, the appellee (defendant).

*Opinion*

DiPENTIMA, J. In this matter, we are asked to address the right of former counsel to intervene as a party in a marital dissolution action. The proposed intervenor, the law firm of Rutkin and Oldham, LLC[1] (Rutkin), appeals from the trial court's denial of its motion to intervene as a party defendant. We raised the question on the court's own motion of whether the appeal should be dismissed for lack of a final judgment because the proposed intervenor cannot make a colorable claim to intervention as a matter of right. We conclude that the trial court's denial of the motion to intervene in this matter is not an appealable final judgment, and we dismiss the appeal.

On June 26, 2006, the plaintiff, Kenneth W. Clark, filed this action seeking dissolution of his marriage to the defendant, Mary Ann Clark, and a fair division of the marital property and debts, as well as orders regarding child support, visitation and custody as to the parties' children. The proposed intervenor, Rutkin, filed an appearance on behalf of the defendant, and it represented the defendant before the trial court until January 23, 2008, when a different law firm filed an appearance on behalf of the defendant in lieu of that of Rutkin.

On May 24, 2007, when Rutkin was counsel of record for the defendant, it filed a motion on her behalf seeking relief from the trial court's automatic orders, as set forth in Practice Book § 25-5, to allow her to execute a note and mortgage on the marital home located in Greenwich. The note and mortgage were to compensate Rutkin for attorney's fees and costs incurred by the defendant up to that date and to serve as a retainer for fees anticipated to be incurred in the litigation of this action. The court, *Schofield, J.*, granted the defendant's

---

[1] The motion to intervene was filed in the name of Rutkin and Oldham, LLC, which has changed its name to Rutkin, Oldham & Needle, LLC.

motion, and the defendant executed a note and mortgage payable to Rutkin in the principal sum of $125,000.[2]

After Rutkin was no longer counsel of record for the defendant, it filed a motion to intervene as a party defendant, asserting that it had an interest in the subject matter of the litigation by virtue of its note and mortgage. The defendant filed an objection to the motion to intervene, and, following argument on the motion, the court, *Schofield, J.*, denied the motion. Rutkin filed a motion to reargue the denial of its motion to intervene. After hearing reargument, the court, *Schofield, J.*, denied the relief requested. Thereafter, Rutkin filed this appeal from the denial of its motion to intervene. When this appeal was filed, the trial court had not yet rendered judgment in this dissolution action.

This appeal was placed on the court's own motion calendar with an order that counsel and the pro se parties should appear and give reasons, if any, why this appeal should not be dismissed for lack of a final judgment because the proposed intervenor cannot make a colorable claim to intervention as a matter of right. On April 16, 2009, this court heard oral argument on the issue raised in the court's own motion from Rutkin and the defendant, who appeared pro se to respond to this appeal. Having considered the arguments made to this court at oral argument and in Rutkin's appellate brief,[3] we conclude that the proposed intervenor, Rutkin, cannot make a colorable claim to intervention as a matter of right, and, therefore, the denial of the motion to intervene was not appealable as a final judgment.

---

[2] Former counsel for the plaintiff and for the minor children also were granted permission by the trial court to receive similar notes and mortgages as security for attorney's fees. Former counsel for the plaintiff and for the minor children have not sought permission to intervene as parties to this action.

[3] No briefs on the merits of the proposed intervenor's appeal were filed on behalf of the plaintiff, defendant or minor children in this appeal.

"The jurisdiction of the appellate courts is restricted to appeals from judgments that are final. General Statutes §§ 51-197a and 52-263; Practice Book § [61-1] . . . . The policy concerns underlying the final judgment rule are to discourage piecemeal appeals and to facilitate the speedy and orderly disposition of cases at the trial court level. . . . The appellate courts have a duty to dismiss, even on [their] own initiative, any appeal that [they lack] jurisdiction to hear." (Internal quotation marks omitted.) *Liberty Mutual Ins. Co.* v. *Lone Star Industries, Inc.*, 290 Conn. 767, 793–94, 967 A.2d 1 (2009); see also Practice Book § 66-8 ("[t]he court may on its own motion order that an appeal be dismissed for lack of jurisdiction").

When this appeal was filed, the court had not rendered judgment on the plaintiff's complaint for dissolution or the defendant's cross complaint. We must, therefore, determine whether the court's order denying Rutkin's motion to intervene, although interlocutory, is a final judgment for purposes of appeal. Our Supreme Court has determined that certain interlocutory orders may be treated as final judgments for purposes of appeal. See *State* v. *Curcio*, 191 Conn. 27, 31, 463 A.2d 566 (1983). "An otherwise interlocutory order is appealable in two circumstances: (1) where the order or action terminates a separate and distinct proceeding, or (2) where the order or action so concludes the rights of the parties that further proceedings cannot affect them." Id.

"The test for determining whether an order denying a motion to intervene constitutes a final judgment is whether the would-be intervenor can make a colorable claim to intervention as a matter of right." (Internal quotation marks omitted.) *Winslow* v. *Lewis-Shepard, Inc.*, 216 Conn. 533, 536, 582 A.2d 1174 (1990); see also *Common Condominium Assns., Inc.* v. *Common Associates*, 5 Conn. App. 288, 291–92, 497 A.2d 780 (1985) (dismissing appeal where would-be intervenor did not

make colorable claim to intervention as matter of right). If the proposed intervenor makes a colorable claim to intervention as a matter of right, then it satisfies the second prong of *Curcio*. See *Kerrigan* v. *Commissioner of Public Health*, 279 Conn. 447, 449 n.3, 904 A.2d 137 (2006).

We apply a four element, conjunctive test when determining whether a proposed intervenor can make a colorable claim to intervention as a matter of right. "[T]he motion to intervene must be timely, the movant must have a direct and substantial interest in the subject matter of the litigation, the movant's interest must be impaired by disposition of the litigation without the movant's involvement and the movant's interest must not be represented adequately by any party to the litigation." (Internal quotation marks omitted.) Id., 456–57. In the present case, our determinations of the second and third elements are interrelated; our conclusion that Rutkin does not have a direct and substantial interest in the subject matter of the litigation is supported by the conclusion that the interests that Rutkin does have will not be impaired by the disposition of the present litigation without its involvement. Because we conclude that Rutkin does not satisfy the second and third elements for a colorable claim to intervention as a matter of right, we need not make a determination of whether Rutkin satisfies the first and fourth elements.

We first consider whether Rutkin satisfies the second element for a colorable claim to intervention as a matter of right. Rutkin claims that it has a direct and substantial interest in the subject matter of the litigation as a result of its mortgage on the marital home, which is a part of the marital estate anticipated to be divided in the dissolution judgment. We conclude that Rutkin's property right, arising from its mortgage, does not give it a direct and substantial interest in the subject matter of this dissolution action.

"The purpose of a dissolution action is to sever the marital relationship, to fix the rights of the parties with respect to alimony and child support . . . [and] to divide the marital estate . . . . The trial court is empowered to deal broadly with the equitable division of property incident to a dissolution proceeding, and, consistent with the purpose of equitable distribution statutes generally, the term property should be interpreted broadly as well. . . . General Statutes § 46b-81 confers broad powers upon the court in the assignment of property, and the allocation of liabilities and debts is a part of the court's broad authority in the assignment of property." (Citations omitted; internal quotation marks omitted.) *Roos* v. *Roos*, 84 Conn. App. 415, 420, 853 A.2d 642, cert. denied, 271 Conn. 936, 861 A.2d 510 (2004).

Rutkin's mortgage on the marital home is not placed directly at issue in the present dissolution action. As a mortgagee,[4] Rutkin holds legal title to the property, while the plaintiff and the defendant hold equitable title. *Mortgage Electronic Registration Systems, Inc.* v. *White*, 278 Conn. 219, 231, 896 A.2d 797 (2006). Even if the dissolution judgment transferred equitable title in the marital home to one party, that transfer would not affect Rutkin's legal title pursuant to the mortgage. See id. Furthermore, our conclusion that Rutkin's rights under the mortgage would not be impaired without its involvement in the dissolution action also demonstrates that those rights are not part of the subject matter of this dissolution action.

Rutkin fails to recognize the distinction between its interest in the mortgage on the marital property and the underlying debt that the mortgage is intended to secure. "A mortgage . . . is '[a] conveyance of title to

[4] The record indicates that Rutkin is one of several persons or entities that hold mortgages on the marital home, including the former counsel for the plaintiff and the minor children. See footnote 2.

property that is given as security for the payment of a debt . . . .' Black's Law Dictionary (7th Ed. 1999)." *Ankerman* v. *Mancuso*, 271 Conn. 772, 778, 860 A.2d 244 (2004). A mortgage is a separate instrument from the promissory note creating the debt, itself. Id., 777. To illustrate this point, it may be observed that a transfer of the equitable title of the mortgaged marital home would not, by itself, result in a transfer of the debt underlying that mortgage; the obligation to repay that debt would remain, in this instance, the defendant's alone. See *Cassidy* v. *Bonitatibus*, 5 Conn. App. 240, 242, 497 A.2d 1018 (1985) ("[u]nless the grantee has agreed to assume an existing mortgage debt, the mere taking of title to the mortgaged property imposes no personal liability on the grantee to satisfy the debt, and the obligation to pay remains that of the mortgagor alone"). We conclude, therefore, that Rutkin's property right arising from its mortgage is not part of the subject matter of the dissolution action.

We also consider whether the debt underlying the mortgage would amount to a direct and substantial interest in the subject matter of the litigation. Rutkin argues that it is unlike other creditors that hold a mortgage on marital property in that its rights under the mortgage expressly were made "subject to the orders of the court" in the dissolution matter. Both at the trial court and in its argument to this court, Rutkin has equated its rights under the mortgage with its claim for unpaid attorney's fees against its former client, the defendant. Rutkin has argued that the trial court must determine the amount of reasonable attorney's fees owed from the defendant to Rutkin before the amount of the mortgage can be known. The amount of attorney's fees that Rutkin could recover from the defendant, however, is not an issue that the court would determine. The reference to the dissolution action in the language of Rutkin's mortgage does not impose an obligation on

the court to adjudicate the fee dispute between the defendant and her former counsel.

There are potentially two independent claims for attorney's fees arising from Rutkin's prior participation in this action as counsel for the defendant: the defendant's claim for an award of attorney's fees against her husband, the plaintiff, and Rutkin's claim for attorney's fees against the defendant. The defendant may request that, as part of the dissolution judgment, the court order the plaintiff to pay her attorney's fees in a reasonable amount; General Statutes § 46b-62; but that would be a claim for the *defendant* to make, not Rutkin. See generally *Bailey* v. *Bailey*, 312 S.C. 454, 458, 441 S.E.2d 325 (1994) (holding attorneys lacked standing to intervene in divorce action because their interest in fees was peripheral). The amount of reasonable attorney's fees that the defendant might recover pursuant to § 46b-62 is dependent on the parties' respective financial abilities and the criteria set forth in General Statutes § 46b-82. It bears noting that it is entirely possible that the dissolution judgment could order both parties to pay their own counsel fees. See *Bornemann* v. *Bornemann*, 245 Conn. 508, 543, 752 A.2d 978 (1998) ("[w]here, because of other orders, both parties are financially able to pay their own counsel fees they should be permitted to do so" [internal quotation marks omitted]); *Fitzgerald* v. *Fitzgerald*, 190 Conn. 26, 34–35, 459 A.2d 498 (1983) (finding no abuse of discretion where trial court denied plaintiff's request for counsel fees).

Rutkin's claim for unpaid fees against the defendant, on the other hand, is not a part of the subject matter of this dissolution action. In a collection action between a law firm and its former client, the court's assessment of the reasonableness of the fees claimed would be guided by considerations including "the time and labor required, the novelty and difficulty of the questions involved, and the fee customarily charged in the locality

for similar legal services." (Internal quotation marks omitted.) *St. Onge, Stewart, Johnson & Reens, LLC* v. *Media Group, Inc.*, 84 Conn. App. 88, 93, 851 A.2d 1242, cert. denied, 271 Conn. 918, 859 A.2d 570 (2004); see also Rules of Professional Conduct 1.5 (a) (listing factors to be considered in determining reasonableness of fee). Even though the court in this dissolution action might consider these factors as well, Rutkin's claim against the defendant would not be dependent on, or limited to, the parties' financial abilities or the criteria set forth in § 46b-82. The evidence submitted in support of the defendant's claim for attorney's fees in this action might be virtually identical to that submitted by Rutkin in a claim against the defendant, but the subject matter of this action does not thereby include Rutkin's fee dispute with the defendant.

We conclude that Rutkin does not have a direct and substantial interest in the subject matter of the litigation as a result of its mortgage on the marital home or the claimed debt underlying that mortgage, and, thus, it does not satisfy the second element of the test described in *Kerrigan* v. *Commissioner of Public Health*, supra, 279 Conn. 456–57.[5]

We also consider whether Rutkin satisfies the third element for a colorable claim to intervention as a matter of right, namely, whether the interests that Rutkin has by virtue of its mortgage and the debt underlying that mortgage would be impaired by disposition of the dissolution action without its involvement. Our consideration of this third element is informed by our analysis

[5] Our holding that Rutkin's mortgage does not create a direct and substantial interest in the subject matter of the litigation is not a determination as to the propriety of such a mortgage by an attorney representing a party in a dissolution proceeding or as to the enforceability of this particular mortgage should Rutkin bring an action to foreclose said mortgage. See generally *Ankerman* v. *Mancuso*, supra, 271 Conn. 778–80 (noting public policy concerns surrounding attorneys obtaining proprietary interests in subject matter of litigation); Rules of Professional Conduct 1.5 (d) (1) and 1.8 (i).

of the second in that a determination of the scope of the subject matter of this dissolution action assists in the determination of how Rutkin's interests could be affected within the dissolution action.

Rutkin argues that its mortgage would be unenforceable if the defendant no longer held title to the marital home. On the contrary, Rutkin's interest in the mortgage on the marital home would not be impaired by the dissolution judgment even if the judgment were to transfer the defendant's interest in the property to the plaintiff or to a third party. See, e.g., *Mortgage Electronic Registration Systems, Inc.* v. *White*, supra, 278 Conn. 219 (affirming foreclosure judgment in favor of mortgagee omitted as party in prior tax lien foreclosure action and against defendants who purchased property from successful bidder at tax lien foreclosure sale). Should the defendant fail in her obligations under the promissory note, Rutkin might choose to pursue an action to foreclose its mortgage on the marital home, regardless of the identity of the holder of equitable title at that point. Therefore, we conclude that Rutkin's mortgage will not be set aside or otherwise impaired by disposition of the dissolution action without Rutkin's involvement.

Turning to a consideration of the debt underlying the mortgage, that interest will also remain unaffected by disposition of this dissolution action without Rutkin's involvement. Should Rutkin's claim for unpaid attorney's fees against the defendant remain unresolved after the conclusion of this dissolution action, there are several avenues available to Rutkin by which it could pursue its claim. An award of attorney's fees pursuant to § 46b-62 to the defendant in this dissolution action would not preclude Rutkin from seeking a different amount in an action upon the promissory note or retainer agreement. See, e.g., *Rosenberg* v. *Rosenberg*, 286 N.J. Super. 58, 67–68, 668 A.2d 84 (App. Div. 1995).

Rutkin's reliance on *Molitor* v. *Molitor*, 184 Conn. 530, 440 A.2d 215 (1981), *Gaudio* v. *Gaudio*, 23 Conn. App. 287, 580 A.2d 1212, cert. denied, 217 Conn. 803, 584 A.2d 471 (1990), and *Derderian* v. *Derderian*, 3 Conn. App. 522, 490 A.2d 1008, cert. denied, 196 Conn. 810, 811, 495 A.2d 279 (1985), is misplaced, as each of those cases involved a claim that one of the parties to a dissolution action had made a fraudulent conveyance of a marital asset prior to judgment and that the conveyance should be set aside. There is no claim made by Rutkin that there is even a possibility that its mortgage is at risk of being set aside by the court in this action as a fraudulent conveyance.

We have determined that Rutkin cannot make a colorable claim to intervention as a matter of right because it does not have a direct and substantial interest in the subject matter of the litigation and what interests it does have would not be impaired by disposition of the litigation without Rutkin's involvement. Accordingly, we conclude that the present appeal is not taken from a final judgment.

The appeal is dismissed.

In this opinion the other judges concurred.