******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# RCN CAPITAL, LLC *v.* SUNFORD PROPERTIES AND DEVELOPMENT, LLC, ET AL.
## (AC 42184)

Lavine, Alvord and Lavery, Js.

*Syllabus*

Pursuant to statute (§ 49-1), "[t]he foreclosure of a mortgage is a bar to any further action upon the mortgage debt, note or obligation against the person or persons who are liable for the payment thereof who are made parties to the foreclosure . . . ."

The plaintiff sought to foreclose, inter alia, a mortgage on certain real property owned by the defendant S Co. and to collect on a personal guarantee by the defendant L. S Co. had executed a promissory note in the amount of $800,000 in favor of the plaintiff, which was secured by a mortgage on the subject property, and L executed a guarantee agreement in which he personally guaranteed all sums due under the note, including attorney's fees and costs. Following S Co.'s default on the note, the plaintiff commenced this action by way of a three count complaint, and the trial court rendered a judgment of strict foreclosure as to the first two counts. Thereafter, the trial court granted the plaintiff's motion for a deficiency judgment against S Co., and the parties stipulated that there was a deficiency of $449,441.88, including attorney's fees and costs. The plaintiff subsequently filed a motion for summary judgment as to liability on count three of the complaint, which was directed against L and sought to collect on his personal guarantee of the note. The defendants filed an objection to the motion, contending that the plaintiff was barred from recovering from L pursuant to § 49-1 and the statute (§ 49-14) that provides a limited exception to § 49-1. The trial court granted the motion for summary judgment, concluding, inter alia, that § 49-1 had no effect on the plaintiff's ability to recover monetary damages from L following the judgment of strict foreclosure. Thereafter, the trial court granted the plaintiff's motion for judgment as to count three of the complaint and rendered judgment in favor of the plaintiff in the amount of $531,938.98. On the defendants' appeal to this court, *held*:

1. The defendants could not prevail on their claim that the trial count improperly rendered judgment in favor of the plaintiff on count three of its complaint, which was based on their contention that, pursuant to §§ 49-1 and 49-14, the plaintiff was barred from recovering on L's personal guarantee; in light of binding precedent, this court concluded that the trial court properly enforced L's personal guarantee, as the bar pursuant to § 49-1 applies only to those individuals or entities who are made or could have been made parties to the foreclosure, and, because L was a guarantor, he was not a party to the foreclosure and could not properly have been made a party to it, and, therefore, § 49-1 did not have an effect on the plaintiff's ability to recover money damages from L under count three of the complaint.

2. Contrary to the defendants' claim that the trial court improperly held them jointly and severally liable for the judgment on L's personal guarantee, the reference to joint and several liability in the written order prepared by the court clerk was a scrivener's error, as the court's judgment pertained only to L's personal guarantee under count three of the complaint.

Argued October 15, 2019—officially released April 14, 2020

*Procedural History*

Action, inter alia, to foreclose a mortgage on certain real property owned by the named defendant, and for other relief, brought to the Superior Court in the judicial district of New London, where the court, *Cosgrove, J.*, rendered a judgment of strict foreclosure; thereafter, the court, *Nazzaro, J.*, opened and vacated the judg-

ment in part, and the plaintiff withdrew the action as to the defendant Kwok L. Sang; subsequently, the court, *Nazzaro, J.*, granted the plaintiff's motion for a deficiency judgment and rendered judgment thereon; thereafter, the court, *Nazzaro, J.*, granted the plaintiff's motion for summary judgment as to liability on count three of the complaint; subsequently, the court, *Hon. Joseph Q. Koletsky*, judge trial referee, denied the motion for nonsuit filed by the named defendant et al., granted the plaintiff's motion for judgment as to count three of the complaint and rendered judgment for the plaintiff, from which the defendants appealed to this court. *Appeal dismissed in part*; *affirmed.*

*Edward Bona*, for the appellants (defendants).

*Jon C. Leary*, for the appellee (plaintiff).

*Opinion*

LAVERY, J. In this action to foreclosure two mortgages and to collect on a personal guarantee, the defendants Sunford Properties & Development, LLC (Sunford) and Janny Lam[1] appeal from the judgment of the trial court, rendered in favor of the plaintiff, RCN Capital, LLC. The defendants claim that the trial court improperly (1) allowed the plaintiff to pursue a claim for monetary damages against Lam that was more than the amount to which the parties had stipulated to be the amount of the deficiency and (2) rendered judgment against all defendants, holding them jointly and severally liable on Lam's guarantee.[2] We affirm the judgment of the trial court.

The following facts and procedural history are relevant to this appeal. On June 28, 2012, Sunford executed and delivered to the plaintiff a commercial promissory note in the amount of $600,000, which was later modified to $800,000. In conjunction with this note, Sunford also executed and delivered a commercial mortgage deed and security agreement for 352 Main Street, Norwich (Main Street property). At the same time, Kwok L. Sang guaranteed repayment of the sums due on the note executed by Sunford by way of a guarantee agreement and mortgage deed for 86-92 Water Street, Norwich (Water Street property). Meanwhile, Lam personally guaranteed all sums due under the note, including costs and attorney's fees, by way of a guarantee agreement.

On January 14, 2015, the plaintiff commenced this action by writ of summons and complaint. In its second revised complaint dated December 10, 2015, the plaintiff sought, in count one, to foreclose on the Main Street property; in count two, to foreclose on the Water Street property, with a specific request for repayment of sums due under the note guaranteed by the limited guarantee agreement entered into by Sang; and, in count three, to collect on any outstanding sums pursuant to Lam's personal guarantee. On May 16, 2016, the court rendered a judgment of strict foreclosure as to both the Main Street property and the Water Street property.[3]

On October 27, 2016, the plaintiff filed a motion for a deficiency judgment against Sunford. The motion was granted on March 8, 2017, and, on that same date, the parties stipulated that there was a deficiency in the amount of $449,441.88, which included appraisal and attorney's fees. On October 31, 2016, the plaintiff moved for summary judgment as to count three of its complaint, which was brought against Lam for the personal guarantee of the promissory note. The defendants filed an objection to the plaintiff's motion for summary judgment and a supporting memorandum of law, in which Lam, in particular, contended that the plaintiff had failed to obtain a proper deficiency judgment and, there-

fore, was barred from recovery pursuant to General Statutes §§ 49-1 and 49-14.[4] Lam further argued that "[a]lthough . . . [Lam] was named as a party [to the foreclosure action] . . . [the plaintiff] appears to seek the collection of excess amounts due under the note postforeclosure. The record also reflects that it has been more than [thirty] days since the plaintiff obtained title to the properties . . . ."

Shortly after their objection was filed on November 15, 2016, the defendants moved to dismiss count three of the complaint. Asserting similar arguments to those raised in the objection, the defendants argued that the plaintiff's claim had been rendered moot by operation of §§ 49-1 and 49-14, and, therefore, the court lacked subject matter jurisdiction. The court heard oral argument on the plaintiff's motion for summary judgment and the objection thereto on December 5, 2016.

On February 17, 2017, the court granted the plaintiff's motion for summary judgment as to the personal liability of Lam under count three of the complaint. Addressing the defendants' arguments from their motion to dismiss, the court explained that the plaintiff is not barred from holding Lam personally liable because § 49-1 does not apply to a guarantor of a debt. Citing to *JP Morgan Chase Bank, N.A.* v. *Winthrop Properties, LLC*, 312 Conn. 662, 677, 94 A.3d 622 (2014), the court stated that, "due to the separate and distinct liability of a guarantor . . . in the absence of a statute expressly pertaining to guarantors, such secondary obligors are not proper parties to a claim seeking the foreclosure of a mortgage and their obligations are not limited by the extinguishment of the mortgagor's rights and obligations." (Internal quotation marks omitted.) The court concluded that § 49-1 had no effect on the plaintiff's ability to recover monetary damages from Lam following the judgment of strict foreclosure. Thus, the court concluded that the defendants' contention that § 49-1 was a bar to the plaintiff's claim was inapplicable and insufficient to rebut the plaintiff's prima facie case as to its entitlement to recover from Lam.

As a result of the court's ruling on the plaintiff's motion, on September 6, 2018, the plaintiff filed a motion for judgment as to the personal liability of Lam under the third count of the complaint, seeking monetary damages in the amount of $531,938.98. On September 21, 2018, the court granted the plaintiff's motion and rendered judgment in favor of the plaintiff in the amount of $449,441.88 in damages and $82,497.10 in prejudgment interest, for a total of $531,938.98. This appeal followed. Additional facts and procedural history will be set forth as necessary.

On appeal, Lam claims that the trial court's judgment on count three of the complaint, as to Lam's personal liability, should be reversed because the plaintiff was barred from recovery pursuant to §§ 49-1 and 49-14.

Specifically, Lam argues that the plaintiff is barred because it (1) agreed to a stipulated deficiency judgment prior to the court's ruling on the motion for a deficiency judgment and (2) failed to file a motion seeking a deficiency judgment against Lam, personally, within the statutorily mandated time frame. We disagree and conclude that the trial court properly enforced Lam's personal guarantee.

The issues set forth on appeal require this court to interpret and apply the statutory language of §§ 49-1 and 49-14. "The interpretation and application of a statute . . . involves a question of law over which our review is plenary." (Internal quotation marks omitted.) *Griswold* v. *Camputaro*, 177 Conn. App. 779, 791, 173 A.3d 959 (2017), aff'd, 331 Conn. 701, 207 A.3d 512 (2019).

Before we address the merits of Lam's claim, we set forth certain fundamental principles concerning real property in regard to foreclosure actions. "The purpose of [a] foreclosure is to extinguish the mortgagor's equitable right of redemption that he retained when he granted legal title to his property to the mortgagee following the execution of the mortgage." *JP Morgan Chase Bank, N.A.* v. *Winthrop Properties, LLC*, supra, 312 Conn. 673. It is well established that, when a mortgagor defaults on an underlying note, "the plaintiff is entitled to pursue its remedy at law on the [note], or to pursue its remedy in equity upon the mortgage, or to pursue both." *Hartford National Bank & Trust Co.* v. *Kotkin*, 185 Conn. 579, 581, 441 A.2d 593 (1981). When a plaintiff pursues a remedy for foreclosure, "Connecticut follows the title theory of mortgages, which provides that on the execution of a mortgage on real property, the mortgagee holds legal title and the mortgagor holds equitable title to the property. . . . As the holder of equitable title, also called the equity of redemption, the mortgagor has the right to redeem the legal title on the performance of certain conditions contained within the mortgage instrument." (Internal quotation marks omitted.) *Ocwen Federal Bank, FSB* v. *Charles*, 95 Conn. App. 315, 322–23, 898 A.2d 197, cert. denied, 279 Conn. 909, 902 A.2d 1069 (2006).

One such remedy at law for a default on the mortgage is the enforcement of the underlying note. See *New Milford Savings Bank* v. *Jajer*, 244 Conn. 251, 265–66 n.23, 708 A.2d 1378 (1998). "A promissory note is simply a written contract for the payment of money." (Internal quotation marks omitted.) *Ankerman* v. *Mancuso*, 271 Conn. 772, 777, 860 A.2d 244 (2004). Therefore, any deficiency judgment sought by a plaintiff in conjunction with a foreclosure is a result of the contractual obligation between the parties to the promissory note. See *Eichman* v. *J & J Building Co.*, 216 Conn. 443, 453, 582 A.2d 182 (1990) ("deficiency judgment hearings more closely resemble suits for collection")

In addition to remedies against a mortgagor, when the payment of a promissory note is safeguarded by a separate guarantee, the mortgagee may initiate a claim against the guarantors to recover the remaining debt of the mortgagor. See *Bank of Boston Connecticut* v. *Schlesinger*, 220 Conn. 152, 157–58, 595 A.2d 872 (1991). "[A] guarantee is a promise to answer for the debt, default or miscarriage of another." *Regency Savings Bank* v. *Westmark Partners*, 59 Conn. App. 160, 164, 756 A.2d 299 (2000). This obligation is "separate from the contractual agreement between the lender and borrower, a guarantee imports the existence of two different obligations: the obligation of the borrower and the obligation of the guarantor." *JP Morgan Chase Bank, N.A.* v. *Winthrop Properties, LLC*, supra, 312 Conn. 675. "[Guarantees] are . . . distinct and essentially different contracts; they are between different parties, they may be executed at different times and by separate instruments, and the nature of the promises and the liability of the promisors differ substantially . . . . The contract of the guarantor is his own separate undertaking in which the principal does not join." (Citations omitted; internal quotation marks omitted.) *Carpenter* v. *Thompson*, 66 Conn. 457, 463–64, 34 A. 105 (1895). As a result of this separate obligation, "[a] mortgagee cannot enforce a mortgage obligation in a foreclosure proceeding against a guarantor because a guarantor is not a party to such obligation." *JP Morgan Chase Bank, N.A.* v. *Winthrop Properties, LLC*, supra, 682.

Next, in addressing the merits of the present case, we rely on *JP Morgan Chase Bank, N.A.* v. *Winthrop Properties, LLC*, supra, 312 Conn. 665, in which our Supreme Court addressed the issue of "whether . . . § 49-1, under which the foreclosure of a mortgage is a bar to further action against persons liable for the payment of the mortgage debt, note or obligation who are, or may be, made parties to the foreclosure, applies to guarantors of the mortgage note." (Footnote omitted.) In that case, the defendant borrowed $1,012,500 from Washington Mutual Bank. Id., 666. The defendant then executed a promissory note and a mortgage on real property in New Haven. Id. The guarantors of the loan executed a personal guarantee in which they assumed joint and several liability for the repayment of the loan. Id. After the defendant defaulted on the note, JP Morgan Chase Bank, N.A., as a successor in interest to Washington Mutual Bank, sought to foreclose the mortgage and to enforce the personal guarantee. Id. The court granted the plaintiff's motion for summary judgment as to the liability of the defendant and the guarantors and, thereafter, rendered a judgment of strict foreclosure. Id., 667. The plaintiff then filed a motion for a deficiency judgment, to which the guarantors filed an objection, arguing that, "because the plaintiff had not filed a motion for a deficiency judgment within thirty days of the running of the law days as

required by § 49-14, the plaintiff was barred by § 49-1 from taking any further action to collect money damages from the guarantors." Id.

Presented with the question of "whether § 49-1 evidences a clear intent to extinguish the otherwise independent obligations of the guarantors by making them effectively necessary parties to a claim that seeks the strict foreclosure of a mortgage"; id., 678; the court interpreted the term "obligation" in § 49-1, when read in context with the entire statute, to exclude a guarantee. Id., 672. The court interpreted "obligation" narrowly, explaining that "if the term 'mortgage' modifies not only the term 'debt,' but also the terms 'note' and 'obligation,' the latter could refer to obligations that are *secured by a mortgage* but not secondary obligations that provide further security, such as a guarantee that obligates payment of a promissory note secured by a mortgage." (Emphasis in original.) Id., 671. As such, the court concluded that "guarantors are not obligated on a mortgage because they have a separate and distinct contractual obligation from the promissory note and mortgage under their guarantee. . . . [T]hey are not 'parties to the foreclosure,' irrespective of whether the mortgagee pursues a claim against the guarantors in the same cause of action in which it pursues foreclosure of the mortgage." Id., 673. Moreover, the court concluded that guarantors are not subject to the preclusion pursuant to § 49-1 because "[d]ue to the separate and distinct liability . . . in the absence of a statute expressly pertaining to guarantors, such secondary obligors are not proper parties to a claim seeking the foreclosure of a mortgage and their obligations are not limited by the extinguishment of the mortgagor's rights and obligations." Id., 677. Thus, the trial court's rendering of strict foreclosure in *JP Morgan Chase Bank, N.A.*, "had no effect on the plaintiff's ability to recover damages for the remaining unpaid debt from the guarantors . . . because the guarantors were not parties to the plaintiff's foreclosure claim . . . the guarantors' obligation having arisen separately under their guarantee." Id., 686.

The present case is controlled by *JP Morgan Chase Bank, N.A.* Here, this court is presented not only with an analogous factual scenario, in that both cases concern the enforcement of a personal guarantee on a promissory note, but is also presented with the same issue that was resolved in that case. Specifically, Lam contends that the plaintiff was barred, pursuant to §§ 49-1 and 49-14, from recovering on the personal guarantee because the stipulated judgment applied to all matters, including count three of the plaintiff's complaint. Lam asserts that the stipulated judgment was "accepted and openly submitted to fully resolve [all] matters between the parties after the passage of the title of the properties." Lam further contends that the trial court went above and beyond the stipulated judg-

ment in holding Lam liable for more than the stipulated amount, thus violating existing law and public policy. Lastly, Lam asserts that the plaintiff failed to file a motion seeking a deficiency judgment specifically against Lam personally, within the statutorily mandated time frame.

Lam, however, fails to take into account the binding authority set forth in *JP Morgan Chase Bank, N.A.* Applying our Supreme Court's holding to the present case, it is clear that Lam's contentions are incorrect. In particular, Lam, as additional collateral for the obligations due under the promissory note, executed and delivered to the plaintiff a personal guarantee. The guarantee explicitly named Lam as a "guarantor" and assured the "prompt payment and performance of a Certain Non-revolving Note made by [Sunford]." The guarantee was signed by Lam on June 28, 2012.

Because Lam was named a "guarantor" and assured the prompt payment of the note, Lam had a separate and distinct obligation from that evidenced by the note. Our Supreme Court has stated: "A mortgagee cannot enforce a mortgage obligation in a foreclosure proceeding against a guarantor because a guarantor is not a party to such an obligation. . . . The guarantors have no legal interest in the property securing the note and have no equitable or statutory right of redemption in the property. Accordingly, the plaintiff could not properly make the guarantors parties to the foreclosure claim because it could not seek to extinguish the guarantors' right of redemption, which is the purpose of foreclosure, nor in the alternative seek to enforce the note against them. The plaintiff only could seek that relief from the defendant, who had pledged its property as security for the contract between it and the plaintiff. Although the guarantors have a general interest in the foreclosure due to their separate and distinct obligation under the guarantee to pay any remaining amount due on the underlying debt, that interest does not render them parties to the foreclosure." (Footnotes omitted.) *JP Morgan Chase Bank, N.A.* v. *Winthrop Properties, LLC,* supra, 312 Conn. 682–83. Therefore, the bar pursuant to § 49-1 applies solely to those individuals or entities who are made or could have been made "parties to the foreclosure." Because Lam was a guarantor, Lam was not a party to the foreclosure and could not properly have been made a party to it. Accordingly, the trial court properly held Lam personally liable because § 49-1 did not have an effect on the plaintiff's ability to recover money damages from Lam under count three of the complaint.[5]

We briefly address the defendants' claim that the court improperly held them jointly and severally liable for the judgment on Lam's personal guarantee. This claim is directly related to a statement set forth in the court's September 21, 2018 order, stating that "judgment

enters in favor of the plaintiff against the defendants jointly and severally in the amount of $449,441.88 in damages [and] $82,497.10 in prejudgment interest for a total judgment of $531,938.98." This order was prepared by the court clerk and was not signed by the judge. We conclude that the reference to joint and several liability was a scrivener's error. See generally *Dan* v. *Dan*, 315 Conn. 1, 7 n.7, 105 A.3d 118 (2014) (misstatement in court order prepared by court clerk contained scrivener's error).[6]

It is clear from the record that the plaintiff had filed a motion for judgment on count three of the complaint, which was specifically brought against Lam only, and that it had filed an affidavit of debt, addressing the claim for damages under Lam's guarantee.[7] A review of the transcript of the hearing in damages reveals that the only matter argued before the trial court at that time was Lam's personal guarantee.[8] Although the written order incorrectly referenced "joint and several liability," we conclude that this reference was a scrivener's error, as the judgment pertained to only Lam's personal guarantee under count three of the complaint. Additionally, the record reveals that the plaintiff, shortly after the court clerk issued this order, sent a certified notice of judgment to counsel for both Lam and Sunford, which provided in relevant part: "The plaintiff in the above-entitled action hereby gives notice that on September 21, 2018, the court entered a judgment in its favor in the amount of $531,938.98 under count three of the second revised complaint . . . against . . . Lam."

The appeal is dismissed with respect to Kwok L. Sang; the judgment is affirmed.

In this opinion the other judges concurred.

[1] Kwok L. Sang also appealed from the judgment of the trial court; however, the plaintiff withdrew the second count of the complaint, which was directed against Sang. Due to this withdrawal, Sang is not a party to the underlying action and, therefore, lacks standing to appeal. See *M.U.N. Capital, LLC* v. *National Hall Properties, LLC*, 163 Conn. App. 372, 376, 136 A.3d 665 (defendant corporation lacked standing to appeal because plaintiff withdrew action against it such that it was not party to underlying action), cert. denied, 321 Conn. 902, 136 A.3d 1272 (2016). The parties were notified prior to oral argument before this court to be prepared to address Sang's jurisdictional issue. See, e.g., *State* v. *Connor*, 321 Conn. 350, 371, 138 A.3d 265 (2016) ("if the Appellate Court decides to address an issue not previously raised or briefed, it may do so only after requesting supplemental briefs from the parties or allowing argument regarding that issue" (internal quotation marks omitted)). Accordingly, the appeal as to Sang is dismissed. We therefore refer in this opinion to Sunford and Lam collectively as the defendants and individually by name where appropriate.

[2] The defendants also contend that the trial court (1) improperly rendered judgment while their motion to dismiss the third count of the operative complaint was pending, (2) abused its discretion by not taking judicial notice of the judgment in *RCN Capital, LLC* v. *Chicago Title Ins. Co.*, Superior Court, judicial district of Hartford, Docket No. CV-17-6076972-S (August 27, 2018); see *RCN Capital, LLC* v. *Chicago Title Ins. Co.*, Docket No. 42082 (Conn. App.) (pending appeal filed September 11, 2018); and (3) abused its discretion by denying the defendants' motion for nonsuit.

After thoroughly examining the record in the present case and fully considering the parties' briefs and oral arguments, we conclude that the aforementioned claims are without merit. In regard to the defendants' first claim, we are aware that when a motion to dismiss challenges the court's subject matter

jurisdiction, it must be addressed when brought to the court's attention. See Practice Book § 10-33. Although the court did not directly rule on the motion to dismiss, it adequately addressed and rejected the arguments from the motion in its February 17, 2017 memorandum of decision, granting the plaintiff's motion for judgment.

[3] The court found that the defendants owed $1,040,845.02. The fair market value of both properties was valued at a total of $977,000.

On November 14, 2016, the court opened and vacated the judgment of strict foreclosure as to count two concerning Sang and the Water Street property, and the claim against Sang was withdrawn. The judgment was vacated due to a foreclosure by sale by the city of Norwich. See *Norwich* v. *Sang*, Superior Court, judicial district of New London, Docket No. KNL-CV-15-6023942-S (May 12, 2016). Accordingly, once the judgment as to Sang was vacated, and the claim against him was withdrawn, he no longer was a party to the current action. See footnote 1 of this opinion.

[4] General Statutes § 49-1 provides in relevant part: "The foreclosure of a mortgage is a bar to any further action upon the mortgage debt, note or obligation against the person or persons who are liable for the payment thereof who are made parties to the foreclosure and also against any person or persons upon whom service of process to constitute an action in personam could have been made within this state at the commencement of the foreclosure; but the foreclosure is not a bar to any further action upon the mortgage debt, note or obligation as to any person liable for the payment thereof upon whom service of process to constitute an action in personam could not have been made within this state at the commencement of the foreclosure. . . ."

"Section 49-14 (a) furnishes a limited exception to [§ 49-1] for strict foreclosures, providing that '[a]t any time within thirty days after the time limited for redemption has expired, any party to a mortgage foreclosure may file a motion seeking a deficiency judgment.' Therefore, once a mortgagee strictly forecloses on a mortgage and obtains title to the property following the running of the law days, § 49-1 extinguishes all rights of the mortgagee with respect to the 'mortgage debt, note or obligation' against persons who are or could have been made parties to the foreclosure, except as provided in § 49-14." (Footnotes omitted.) *JP Morgan Chase Bank, N.A.* v. *Winthrop Properties, LLC*, 312 Conn. 662, 670–71, 94 A.3d 622 (2014).

[5] Additionally, even though the defendants claim that the plaintiff failed to meet the statutory time frame for seeking a deficiency judgment pursuant to § 49-14 (a), the effect of that statute was not implicated because the plaintiff's rights were not extinguished under § 49-1.

[6] In *Dan* v. *Dan*, supra, 315 Conn. 7 n.7, the defendant requested an articulation from the trial court specifically related to the misstatement contained in its order, and the trial court stated that it was a scrivener's error. In the present case, although the defendants filed a motion for articulation, they did not request the court to articulate this order. Because the record is clear, we conclude that the order contains a scrivener's error.

[7] Specifically, in its motion for judgment, the plaintiff stated: "The plaintiff . . . herein moves that a judgment enter against . . . Lam under count three of the . . . complaint. A judgment as to liability only entered against [Lam]."

[8] At the hearing in damages, the plaintiff's counsel stated in relevant part: "Your Honor, this [hearing] follows a summary judgment as to liability on count three of the complaint. [Count three] pertains to a personal guarantee of . . . Lam. We submitted the affidavit of [the plaintiff] that lists the updated debt following the foreclosure and the deficiency judgment [in] count one. So, we're seeking judgment [of the] amount that [is] listed in the affidavit of debt."