LEONARD UDOLF *v.* WEST HARTFORD
SPIRIT SHOP, INC.
(8121)

BORDEN, SPALLONE and O'CONNELL, Js.

Argued December 20, 1989—decision released February 27, 1990

*Marc M. Schindelman,* with whom, on the brief, was
*T. P. Malnati,* legal intern, for the appellant (defendant).

*Lawrence S. Hillman,* for the appellee (plaintiff).

SPALLONE, J. The defendant, West Hartford Spirit
Shop, Inc., appeals from the judgment of possession
rendered for the plaintiff, Leonard Udolf, in this sum-
mary process action. We find error.

In January, 1989, the plaintiff commenced a summary process action against his tenant, the defendant. The defendant was subsequently ordered by the court to pay the sum of $1350 for use and occupancy on the seventeenth day of each month at the office of the clerk of the Housing Session of the Superior Court (housing court) on Trinity Street in Hartford.

The defendant duly made the first payment on April 17, 1989. On May 17, 1989, the defendant's president hired a professional courier service to deliver the payment, in the form of a bank check, to the court. The courier misdelivered the payment to the clerk at the trial division of the Superior Court on Washington Street. The payment was subsequently transferred to the housing court, but it arrived past the date due. Accordingly, the clerk of the housing court, on May 18, mailed to the defendant an order for an answer to the plaintiff's complaint. Pursuant to General Statutes § 47a-26b (c),[1] the defendant had four days from the mailing of the order, that is, until May 22, 1989, to file its answer. The defendant did not file an answer, but, on May 22, 1989, filed a motion for extension of time, nunc pro tunc, to make the May use and occupancy payment. Without ruling on the defendant's motion, the trial court, on May 23, 1989, rendered judgment of possession for the plaintiff upon the defendant's failure to answer the complaint. This appeal followed.

The defendant claims that the trial court erred in failing to afford a hearing on its motion for an extension of time and in rendering judgment without ruling on the motion. We agree.

---

[1] General Statutes § 47a-26b (c) states in pertinent part: "If the defendant fails to make such payments as ordered, the clerk shall, immediately and without the filing of a motion, order the defendant to file his answer and, if the defendant fails to do so within four days of the mailing of such order, judgment shall forthwith be entered for the plaintiff."

The purpose of a summary process proceeding is to expedite the landlord's recovery of possession upon a termination of a lease. *Prevedini* v. *Mobil Oil Corporation,* 164 Conn. 287, 292, 320 A.2d 797 (1973). Under General Statutes § 47a-26b, the defendant may be directed to make payments for the use and occupancy of the premises during the pendency of a summary process action. *MFS Associates, Inc.* v. *Autospa Realty Corporation,* 19 Conn. App. 32, 33 n.1, 560 A.2d 484 (1989). Failure to make a payment when due accelerates the pleading process. Id. Pursuant to § 47a-26b (c), the defendant must file an answer to the complaint within four days or judgment shall be entered against him without a hearing. See *Messinger* v. *Laudano,* 4 Conn. App. 162, 164–65, 493 A.2d 255, cert. denied, 196 Conn. 812, 495 A.2d 279 (1985).

The defendant here does not contest the consequences of default; it disputes whether that default occurred. The statutory language is clear that the provisions of § 47a-26b (c) are triggered by the failure to make use and occupancy payments when due. The substance of the defendant's motion was that this triggering event did not occur because payment *was* made, albeit to the wrong court. Whether or not the defendant would prevail on this motion is not our present concern. The allegation in the defendant's motion that payment was made puts the default into question, and was therefore an issue that the court was required to resolve before it effectuated the provisions of § 47a-26b (c) and rendered judgment.

Practice Book § 206[2] sets forth the procedures to be followed in order to bring a motion before the court

---

[2] Practice Book § 206 provides in part: "Unless otherwise provided in these rules or ordered by the court . . . all motions . . . and all issues of law must be placed on the short calendar list. No motions will be heard which are not on said list and ought to have been placed thereon; *provided*

for a hearing. The plaintiff argues that because the defendant was under a court order to pay use and occupancy and to file an answer by May 22, 1989, the court, under Practice Book § 206, was not required to schedule or hear the defendant's motion. This assertion is untenable because § 206 allows for the expeditious, alternative, discretionary hearing of motions. The court need not place a motion on a short calendar list if to do so would delay the proceedings. See *State ex rel. Bonoff* v. *Evarts,* 115 Conn. 98, 100–101, 160 A.2d 294 (1932).

In this case, there was a need for expediency because on May 23, 1989, the court had before it both the summary process trial and the defendant's motion. The court, in its discretion, could have heard the defendant's motion although it was not on the short calendar list. Nothing in § 206 provides that a motion may be ignored and not ruled upon by the court. " ' "It is the settled rule of this jurisdiction, if indeed it may not be safely called an established principle of general jurisprudence, that no court will proceed to the adjudication of a matter involving conflicting rights and interests, until all persons directly concerned in the event have been actually or constructively notified of the pendency of the proceeding, and *given reasonable opportunity to appear and be heard.*" . . . ' " (Citations omitted; emphasis added.) *Hasbrouck* v. *Hasbrouck,* 195 Conn. 558, 559–60, 489 A.2d 1022 (1985).

In this case, judgment was predicated upon the defendant's failure to file an answer to the complaint, which answer became mandatory if the defendant defaulted on his payment for use and occupancy. The defendant timely filed a proper motion contesting its

*that any motion in a case on trial,* or assigned for trial, *may be disposed of by the court at its discretion,* or ordered upon the short calendar list on terms, or otherwise." (Emphasis added.)

default. The trial court should not have proceeded to judgment without affording the defendant an opportunity to be heard on its motion.

There is error, the judgment is set aside and the case is remanded to the trial court for further proceedings in accordance with this opinion.

In this opinion the other judges concurred.