******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************

TOWN OF GRISWOLD *v.* PASQUALE
CAMPUTARO ET AL.
(AC 38889)

Lavine, Mullins and Mihalakos, Js.*

*Syllabus*

In a zoning enforcement action, the plaintiff town sought, inter alia, injunctive relief prohibiting the defendants, C and S Co., from operating an asphalt plant. Simultaneously, the plaintiff had issued a cease and desist order against the defendants to cease operation of the plant, and the defendants appealed from that order to the plaintiff's zoning board of appeals, which sustained the order. Thereafter, the defendants appealed from the decision on the cease and desist order to the trial court, and that zoning appeal was consolidated with the plaintiff's zoning enforcement action. Subsequently, the trial court granted the motion to substitute P, as executor of the estate of C, as a party defendant. Before trial, in 1997, the parties settled their disputes by way of a stipulated judgment. Following numerous complaints about the asphalt plant's operations with regard to the stipulated judgment, on October 28, 2015, P, as executor of C's estate, filed a motion to cite in A Co. as a defendant and a second motion to be substituted as a party defendant. Those motions were scheduled to be heard at the short calendar on November 23, 2015, and the calendar was posted on the Judicial Branch website. On November 9, 2015, the parties negotiated modifications to the stipulated judgment in an executive session of the plaintiff's board of selectmen, which was not open to the public. Subsequently, on November 12, 2015, the parties filed a joint motion to open and modify the judgment, and counsel for the defendants filed a caseflow request to be added to the November 16, 2015 short calendar in order to expedite judicial approval of a stipulated judgment modification, which the court approved. At the November 16, 2015 short calendar, the trial court opened the judgment, granted the motion to cite in, and accepted the stipulated judgment modifications. Thereafter, one of the proposed intervenors, L, relying on the online short calendar posting, appeared on November 23, 2015, seeking to intervene pursuant to statute (§ 22a-19 [a] [1]) to raise claims of environmental harm. At that time, L learned that the court had accepted the stipulated judgment on November 16, 2015, but nonetheless filed her motion to intervene. Another proposed intervenor, R, filed a motion to intervene on December 9, 2015. Following a hearing, the trial court denied L and R's motions, and L and R appealed to this court. They claimed that it was improper for the trial court to deny their motions to intervene on the ground that there was no pending proceeding because the plaintiff and the defendants had manipulated the timing of the short calendar proceedings to their detriment, thereby denying them their vested statutory rights to be heard under § 22a-19. They also claimed that the stipulated judgment at issue was not rendered in compliance with the statute (§ 8-8 [n]) that requires that the trial court hold a hearing and approve such settlement. *Held*:

1. This court had jurisdiction to consider the appeal of L and R, even though they did not file a petition for certification to appeal: the matter was a consolidated proceeding that involved both a zoning appeal and a zoning enforcement action, L and R could intervene in the zoning enforcement action as a matter of right, and that right was inextricably intertwined with the zoning appeal; furthermore, although a stipulated judgment was rendered before L and R filed their motions to intervene, if this court agreed with the claims that L and R were prevented from timely filing their motions to intervene in contravention of the rules of practice, there was relief that could be afforded to them and, therefore, the appeal was not moot.

2. The trial court improperly denied L and R's motions to intervene:
   a. The plaintiff and the defendants, by filing a request for an earlier hearing without a reasonable explanation, violated our rules of practice and L and R's right to timely, accurate notice: pursuant to the applicable rule of practice (§ 11-15), the motion to open and modify the judgment

filed on November 12, 2015, could not properly be placed on the short calendar before November 17, 2015, five days after the motion was filed, although the parties' caseflow request stated that the parties had agreed to have the motions written onto the November 16, 2015 short calendar, it did not state which motions were to be heard, that the settlement involved a zoning matter, or a factual basis for the need to expedite the proceeding, and there was no evidence in the record that L, R or the general public were notified of the November 16, 2015 short calendar proceedings, nor did the parties cite to any legal authority that the public was not entitled to rely on the online November 23, 2015 short calendar posting; accordingly, because the motions were heard on November 16, 2015, seven days earlier than originally noticed, L and R were denied the opportunity to file their motions to intervene and were not permitted to participate in the § 8-8 (n) hearing on the stipulated judgment, and the trial court violated the rules of practice by granting the defendants' request to have the matter be written on the November 16, 2015 short calendar.

b. L and R, who did not have timely notice of the date that the motion to open and modify the stipulated judgment was to be heard, were deprived of their right to file motions to intervene in a pending action and, thus, were denied their right to intervene pursuant to § 22a-19 (a), under which they had a right to participate for the purpose of raising environmental concerns: L and R would have filed their motions in a pending proceeding but for the parties' manipulation of the date of the short calendar hearing, and where, as here, any person or other legal entity did not have notice that the modified judgment was being presented for judicial review, the public nature of the hearing was not adequate for the purposes of § 22a-19 (a), and, therefore, L and R should have been permitted to file their motions to intervene; moreover, although the motions to intervene were not filed in a pending action, given the violation of the rules of practice, the judgment denying the motions to intervene could not stand.

Argued April 26—officially released November 7, 2017

*Procedural History*

Action for, inter alia, a temporary and permanent injunction prohibiting the defendants from operating an asphalt plant, and for other relief, brought to the Superior Court in the judicial district of New London and transferred to the Superior Court in the judicial district of New London at Norwich; thereafter, the court, *Hendel, J.*, granted the defendants' motion to consolidate this action with an appeal filed by the defendants from a decision of the plaintiff's Zoning Board of Appeals denying an appeal from a cease and desist order; subsequently, the court, *Booth, J.*, granted the defendants' motion to substitute Pasquale Camputaro, Jr., executor of the estate of Pasquale Camputaro, as a defendant; thereafter, the court, *Handy, J.*, rendered judgment in accordance with a stipulation of the parties; subsequently, the matter was transferred to the Superior Court in the judicial district of New London; thereafter, the court, *Cosgrove, J.*, granted the defendants' motion to open and modify the judgment; subsequently, the court, *Cosgrove, J.*, granted the defendants' motion to cite in American Industries, Inc., as a defendant; thereafter, the court, *Vacchelli, J.*, denied the motions to intervene filed by Kathryn B. Londé and Jeffrey Ryan, and the proposed intervenors appealed to this court. *Reversed*; *further proceedings*.

*Derek V. Oatis*, for the appellants (proposed intervenors).

*Harry B. Heller*, for the appellees (defendants).

*Mark K. Branse*, for the appellee (plaintiff).

*Opinion*

LAVINE, J. "The court . . . has continuing jurisdiction to determine any claim of a vested right acquired during the pendency of an action and prior to its withdrawal, but . . . it must first reinstate it on the docket before granting the relief sought. . . . There is no reason why the trial court does not have jurisdiction to restore a case that has been voluntarily withdrawn to the active docket, just as it can open a judgment or restore to the docket a case that has been erased." (Internal quotation marks omitted.) *Diamond 67, LLC* v. *Planning & Zoning Commission*, 117 Conn. App. 72, 79, 978 A.2d 122 (2009).

The would-be intervenors, Kathryn B. Londé and Jeffrey Ryan (intervenors) appeal from the judgment of the trial court rendered when the court, *Vacchelli, J.*, denied their respective motions to intervene that were filed pursuant to General Statutes § 22a-19 (a) (1).[1] On appeal, the intervenors claim that it was improper for the court to deny their motions to intervene on the ground that there was no pending proceeding because (1) the plaintiff and the defendants[2] manipulated the timing of the short calendar proceedings to their detriment, (2) they were denied their vested statutory rights under § 22a-19 to be heard, and (3) the stipulated judgment at issue was not rendered in compliance with General Statutes § 8-8 (n). Under the somewhat unusual procedural circumstances of this case in which our rules of practice were violated, we agree with the intervenors and, therefore, reverse the judgment of the trial court denying the motions to intervene and remand the matter for further proceedings.

I

Before we consider the intervenors' claims, we must determine whether this court has jurisdiction to consider the appeal. "Subject matter jurisdiction is the power of the court to hear and determine cases of the general class to which the proceedings in question belong. . . . That determination must be informed by the established principle that every presumption is to be indulged in favor of jurisdiction. . . . Where the court's jurisdiction to hear a case is challenged, the court must fully resolve the issue of subject matter jurisdiction before proceeding with the case." (Citation omitted; internal quotation marks omitted.) *Savoy Laundry, Inc.* v. *Stratford*, 32 Conn. App. 636, 639, 630 A.2d 159, cert. denied, 227 Conn. 931, 632 A.2d 704 (1993). We conclude that there is no jurisdictional infirmity to our resolving the merits of the appeal.

A

The defendants claim that this court lacks jurisdiction to consider the appeal because the intervenors failed to file a petition for certification to appeal pursuant to § 8-8 (o). Section 8-8 (o) requires that a party obtain

certification from the Appellate Court in order to appeal from the judgment of the trial court. There is no requirement, however, that a party obtain certification to appeal from the trial court's judgment in a zoning enforcement action brought pursuant to General Statutes § 8-12.

In the present appeal, the intervenors challenge the court's denial of their motions to intervene in a consolidated proceeding that involved both a § 8-8 zoning appeal and a § 8-12 zoning enforcement action. The intervenors may intervene in the zoning enforcement action as a matter of right; see General Statutes § 8-8 (n) and (p); and that right is inextricably intertwined with the zoning appeal. See *Santorso* v. *Bristol Hospital*, 308 Conn. 338, 354 n.9, 63 A.3d 940 (2013) (jurisdiction where factual and legal arguments of appeals inextricably intertwined). We therefore conclude that we may consider the appeal without a grant of certification.

B

The second jurisdictional question is whether the matter is moot because the underlying action had gone to judgment at the time the motions to intervene were filed and there is no relief that can be granted.[3] We conclude that the matter is not moot.

"Mootness implicates [this] court's subject matter jurisdiction and is thus a threshold matter for us to resolve. . . . It is a well-settled general rule that the existence of an actual controversy is an essential requisite to appellate jurisdiction . . . . When, during the pendency of an appeal, events have occurred that preclude an appellate court from granting any practical relief through its disposition of the merits, a case has become moot." (Internal quotation marks omitted.) *AvalonBay Communities, Inc.* v. *Zoning Commission*, 87 Conn. App. 537, 542, 867 A.2d 37 (2005), aff'd, 280 Conn. 405, 908 A.2d 1033 (2006).

Although a stipulated judgment was rendered before the intervenors were able to file their motions, we conclude nonetheless that there is relief that we can grant them. See *Diamond 67, LLC* v. *Planning & Zoning Commission*, supra, 117 Conn. App. 79. "Section 22a-19 permits any person, on the filing of a verified pleading, to intervene in any administrative proceeding [and in any judicial review thereof] for the limited purpose of raising environmental issues. . . . [Section] 8-8 (n) requires the approval by the trial court of any settlement of an administrative appeal. Because the agreement of all parties is required to effectuate a settlement of an administrative appeal . . . environmental intervenors may oppose approval of a settlement agreement on the basis of the environmental concerns to which they have statutory standing." (Citations omitted; footnote omitted; internal quotation marks omitted.) *Batchelder* v.

*Planning & Zoning Commission*, 133 Conn. App. 173, 175–76, 34 A.3d 465, cert. denied, 304 Conn. 913, 40 A.3d 319 (2012).

If we agree with the intervenors' claims that they were prevented from timely filing their motions to intervene in contravention of our rules of practice, there is relief that we can grant them and, therefore, the appeal is not moot. "The court . . . has continuing jurisdiction to determine any claim of a vested right acquired during the pendency of an action and prior to its withdrawal, but . . . it must first reinstate it on the docket before granting the relief sought." (Internal quotation marks omitted.) *Diamond 67, LLC* v. *Planning & Zoning Commission*, supra, 117 Conn. App. 79.

## II

The present appeal has its genesis in 1994 and concerns real property located at 630 Plainfield Road in Jewett City (property), where the original defendants, as stated in the summons, Pasquale Camputaro[4] doing business as American Sand & Gravel, Inc., and American Sand & Gravel, Inc., operated an earth products excavation, processing, and sales operation, as well as a bituminous manufacturing facility (asphalt). The zoning enforcement officer of the plaintiff town issued a cease and desist order to cease operation of the asphalt facility on the property. The original defendants contended that the asphalt facility is a legally existing nonconforming use and appealed from the cease and desist order to the zoning board of appeals, which sustained the order. The town also commenced an action against the original defendants seeking an injunction and statutory damages, claiming that the original defendants were in violation of its zoning regulations.[5] The original defendants appealed from the cease and desist order to the Superior Court, where the appeal was consolidated with the town's zoning action. Before trial, however, the parties settled their disputes by way of a stipulated judgment that was accepted by the court, *Handy, J.*, on August 4, 1997.

The following timeline is relevant to the present appeal. In 2014 and 2015, the town received numerous complaints about the asphalt facility and that its operation did not comply with the 1997 stipulated judgment. On October 28, 2015, the estate of Pasquale Camputaro (estate), filed a motion to cite in American Industries, Inc., (business) as a party defendant in the consolidated action that had gone to judgment in 1997, and a second motion to substitute Pasquale Camputaro, Jr., as executor of the estate, as a party defendant. See footnote 4 of this opinion. The motion to cite in states that the business operates the "aggregate processing and bituminous concrete manufacturing facility," located on the property, and "has been an integral party responsible for the compliance with the orders set forth in the stipulation to judgment in the above entitled matter

dated June 20, 1997, and therefore should be added as a party defendant." At the time, the motions were filed, there was no action pending.[6] The clerk scheduled the motions to be heard at short calendar on November 23, 2015, and the calendar was posted on the Judicial Branch website. On November 5, 2015, the matter was transferred from the Superior Court for the judicial district of Norwich to the Superior Court for the judicial district of New London.

At 10:30 a.m., on Monday, November 9, 2015, the town board of selectmen (board) held a special meeting.[7] The minutes of the meeting state that the board immediately adjourned the public meeting to go into executive session with the parties and their counsel to discuss ongoing litigation. The executive session ended at 10:46 a.m. When the meeting was reconvened, a motion was made, seconded, and carried unanimously "to authorize and delegate to the First Selectman with the assistance of the Town Attorney, to negotiate and approve on behalf of the Town of Griswold, modifications to the Stipulated Judgment dated June 20, 1997, in the case of the Town of Griswold v. Camputaro." The meeting was adjourned at 10:49 a.m. The desired negotiated modifications to the stipulated judgment are not contained in or attached to the minutes of the board's November 9, 2015 meeting.

On November 12, 2015, the plaintiff, Pasquale Camputaro, Jr., and American Industries, Inc.,[8] filed a joint motion to open and modify the judgment; a fee of $125 was also paid at that time. In addition, on that date, Harry Heller, counsel for the defendants, filed a caseflow request, stating in relevant part "by consent of the parties, the request is made to be added to [the] Monday, November 16, 2015 short calendar in order to expedite judicial approval of a stipulated judgment modification." The court, *Cosgrove*, *J.*, approved the request by order of November 16, 2015. Also, on November 16, 2015, Judge Cosgrove granted the motion to open and modify the 1997 stipulated judgment. At that time, Judge Cosgrove ordered that on or before December 17, 2015, the complaint be amended to state facts showing the interest of the plaintiff. He also ordered that the plaintiff summon the business to appear as a defendant in the action on or before the second day following December 29, 2015. In other words, the court opened the judgment, granted the motion to cite in, and accepted a stipulated judgment involving an entity that had not yet been served with process. An amended complaint and return of service were filed on December 1, 2015.

Londé, relying on the calendar posting on the Judicial Branch website, appeared at short calendar on November 23, 2015, prepared to file her motion to intervene pursuant to § 22a-19 (a) (1).[9] At that time, she learned that Judge Cosgrove had accepted the stipulated judgment on November 16, 2015. Londé nonetheless filed

her motion to intervene to raise claims of environmental harm. On December 9, 2015, Ryan also filed a motion to intervene pursuant to § 22a-19 (a) (1). The parties filed joint objections to the motions to intervene. On January 19, 2016, Judge Vacchelli heard argument from the intervenors and the parties regarding the motions to intervene.

The following colloquy between Judge Vacchelli and Attorney Heller is significant:

"Q: I'm just trying to understand what the window is and how you analyze that. The intervenors are alleging that the window was—that you had a very tiny window within which to act and the parties made it even smaller by their manipulation of the system. Is it your position that there's no proceeding pending now that they can intervene in because the court entered judgment?

"A: That's correct, Your Honor.

"Q: Okay. And the court—you moved to open the judgment on November 12, [2015,] okay. The case wasn't opened yet but the matter was scheduled for a hearing on November [16, 2015]. So isn't it true that it was opened and closed on the same day? It was opened and then a new judgment entered and closed; is that right? . . .

"A: Yes, correct, Your Honor.

"Q: So there was really nothing open until the court opened it.

"A: No, but there was a motion pending.

"Q: Okay. The filing of the motion didn't open the case though and make it—

"A: Correct. Only the court can open the case.

"Q: So it was almost instantaneous. It was opened and closed."

In his memorandum of decision, Judge Vacchelli stated that the court was "not persuaded that the parties unfairly manipulated the court's calendar to avoid notice to and participation by the [intervenors]. The court agrees with the [intervenors] that a hearing on the motion to open and modify judgment was necessary, as it was in the nature, at least in part, of a settlement of a land use appeal. General Statutes § 8-8 (n); cf. *Brookridge District Assn.* v. *Planning & Zoning Commission*, 259 Conn. 607, 618, 793 A.2d 215 (2002). Such a hearing was held in this case on November 16, 2015, albeit it was *held earlier than ordinarily permitted.* Practice Book § 11-15. However, the early hearing was consented to and requested by all appearing parties and approved by the court. . . . The hearing was public, and the parties had notice and opportunity to be heard, and that is all that § 8-8 (n) requires. See *Dietzel* v. [*Planning Commission*], 60 Conn. App. 153, 161, 758

A.2d 906 (2000). If the [intervenors] had called the parties' counsel, or the clerk's office, or looked at the court file, they would have known when the hearing was taking place. Their failure to attend or file their [motions] in a pending case was due to their own lack of timely action. Ordinarily, basic fairness dictates that the painstaking work by the parties and the court to settle and resolve the case should not be disrupted by intervention. *Rosado* v. *Bridgeport* [*Roman*] *Catholic Diocesan Corp.*, 276 Conn. 168, 229, 884 A.2d 981 (2005). There is no legal or equitable argument that persuades the court to undo the settlement in this case at this time due to the way the matter was scheduled for court action." (Citation omitted; emphasis added.)

The court concluded that it could not consider the motions to intervene because they were not timely filed in a pending proceeding, and denied each motion. The intervenors appealed.

### III

On appeal, the intervenors claim that they did not receive meaningful notice of the hearing on the parties' motions, including the motion to modify the stipulated judgment, in violation of our rules of practice; see Practice Book § 11-1 et seq.; and, therefore, they were denied their vested right to intervene pursuant to § 22a-19 (a) and to participate in the hearing on the modified settlement as required by § 8-8 (n). We agree.

To resolve the claim, we must address the relevant statutes and rules of practice, which implicate the right to be heard. "The interpretation and application of a statute, and thus a Practice Book provision, involves a question of law over which our review is plenary." *Wiseman* v. *Armstrong*, 295 Conn. 94, 99, 989 A.2d 1027 (2010).

### A

The intervenors claim that the town and the defendants manipulated the scheduling of the parties' motions to a short calendar date, i.e., November 16, 2015, earlier than that posted on the Judicial Branch website, i.e., November 23, 2015, and earlier than ordinarily permitted pursuant to our rules of practice. See Practice Book § 11-15. However one chooses to characterize it, the impact on the intervenors was the same— it kept them in the dark about the proceeding.

Practice Book § 11-13 (a) provides in relevant part: "Unless otherwise provided in these rules or ordered by the judicial authority . . . all motions and objections to requests when practicable, and all issues of law must be placed on the short calendar list. No motions will be heard which are not on said list and ought to have been placed thereon . . . ." Practice Book § 11-15 provides in relevant part: "Matters to be placed on the short calendar shall be assigned automatically by the clerk without written claim . . . . No such

matters shall be so assigned unless filed *at least five days before* the opening of court on the short calendar day. . . .” (Emphasis added.) Practice Book § 11-14 provides in relevant part: “Short calendar sessions shall be held in each judicial district and geographical area at least once each month, the date, hour and place to be fixed by the presiding judge upon due notice to the clerk. . . . Notice of the assigned date and time of the motion shall be provided to attorneys and self-represented parties of record.”

“It is the settled rule of this jurisdiction, if indeed it may not be safely called an established principle of general jurisprudence, that no court will proceed to the adjudication of a matter involving conflicting rights and interests, *until all persons directly concerned in the event* have been actually or constructively notified of the pendency of the proceeding, and *given reasonable opportunity to appear and be heard.*” (Emphasis altered; internal quotation marks omitted.) *Udolf* v. *West Hartford Spirit Shop, Inc.*, 20 Conn. App. 733, 736, 570 A.2d 240 (1990).

“The design of the rules of practice is both to facilitate business and to advance justice; they will be interpreted liberally in any case where it shall be manifest that a strict adherence to them will work surprise or injustice. . . . Rules are a means to justice, and not an end in themselves . . . .” (Internal quotation marks omitted.) *Millbrook Owners Assn., Inc.* v. *Hamilton Standard*, 257 Conn. 1, 16, 776 A.2d 1115 (2001). “These rules [of practice] implement the fundamental principle of judicial administration [t]hat no matter shall be decided unless the parties have fair notice that it will be presented in sufficient time to prepare themselves upon the issue.” (Internal quotation marks omitted.) *Fattibene* v. *Kealey*, 18 Conn. App. 344, 353, 558 A.2d 677 (1989). In *Fattibene*, the trial court imposed an award of attorney’s fees as a sanction before the plaintiff could file an objection to the motion for sanctions, which was never placed on the short calendar. This court reversed and remanded the issue for a new hearing. Id., 363.

There is no question that the motion to cite in and the second motion to substitute party were filed on October 28, 2015, and placed on the short calendar for November 23, 2015.[10] Londé noted the November 23, 2015 short calendar on the Judicial Branch website and planned to attend. There also is no question that the motion to open and modify the judgment was filed on November 12, 2015. Pursuant to Practice Book § 11-15 that motion could not properly be placed on the short calendar before November 17, 2015, five days after the motion was filed. Heller, however, filed a request on behalf of the defendants that the case be written on the short calendar of November 16, 2015, which was not five days subsequent to the filing of the motion to open and modify the judgment. In the request to the

clerk, Heller stated that the parties had agreed to have the motions written on the November 16, 2015 short calendar, but did not state which motions were to be heard or that the settlement involved a zoning matter. The request also notably lacked a factual basis for the need to expedite the proceeding.

We acknowledge that Practice Book § 11-13 (a) provides in relevant part that "[u]nless otherwise provided in these rules or ordered by the judicial authority . . . all motions and objections to requests when practicable . . . must be placed on the short calendar list." See *Countrywide Home Loans Servicing, L.P.* v. *Peterson*, 171 Conn. App. 842, 846, 158 A.3d 405 (2017). Thus, § 11-13 (a) "allows for the expeditious, alternative, discretionary hearing of motions. The court need not place a motion on a short calendar list if to do so would delay the proceedings." *Udolf* v. *West Hartford Spirit Shop, Inc.*, supra, 20 Conn. App. 736. The present case is distinguishable from *Udolf*, a summary process action, in which the trial court refused to hear the defendant's motion for an extension of time to contest whether a default had occurred. Id., 734. This court held that the trial court erred by failing to hear the motion for an extension of time and subsequently rendering a judgment of possession for the plaintiff. Id., 734, 736–37. A trial court need not place a motion on a short calendar if "to do so would delay the proceedings." Id., 736. See also *Countrywide Home Loans Servicing, L.P.* v. *Peterson*, supra, 171 Conn. App. 844 (placing motion to open on calendar would delay foreclosure proceeding; court properly heard motion to open before law day ran).

In the present case, Judge Cosgrove approved the request to place the matter on the November 16, 2015 short calendar. The request stated that the matter should be added to the Monday, November, 16, 2015 short calendar "to expedite judicial approval of a stipulated judgment modification." That statement falls short of a factual explanation as to why a week's time would delay the proceedings in which a stipulated judgment was rendered more than eighteen years earlier, the town had been receiving complaints about the business for approximately two years, and when only on November 9, 2015, did the board agree to stipulate to a settlement that had not yet been negotiated with at least one entity that was not yet a party.

We are unable to find evidence in the record, and the parties have not directed us to any, that the matter having been written on the November 16, 2015 short calendar was brought to the attention of Londé or the public in general. Nor have the parties cited any legal authority that Londé, Ryan, other would-be intervenors, and the public generally were not entitled to rely on the November 23, 2015 short calendar posting on the Judicial Branch website. Because the motions were

heard on November 16, 2015, seven days earlier than originally noticed, the intervenors were denied the opportunity to file their motions to intervene and they and others were not permitted to participate in the § 8-8 (n) hearing on the stipulated judgment. By granting the defendants' request that the matter be written on the November 16, 2015 short calendar, the court violated our rules of practice.

We disagree with the defendants' argument that the burden was on the intervenors to find out when their motions were to be heard by the court. "Because of the public impact of land use decisions, Connecticut's governing statutory scheme promotes public participation in such decision making, and particularly provides for public hearings with substantial procedural safeguards. We have recognized that, [h]earings play an essential role in the scheme of zoning and in its development." (Internal quotation marks omitted.) *Willimantic Car Wash, Inc.* v. *Zoning Board of Appeals*, 247 Conn. 732, 739, 724 A.2d 1108 (1999). "The statutory scheme provides for substantial procedural protections at the [zoning board of appeals hearing] including notice requirements, time limits for commencing the hearing and for rendering all decisions, and requirements that a record be made." (Footnote omitted.) Id., 740. We note that the minutes of the board meeting at which the town agreed to settle the zoning matter by means of a negotiated settlement do not include a record of the proposed settlement. We also note that any discussion of the settlement took place in executive session, which the public was not permitted to attend.

Our Supreme Court agreed with this court when it stated in the context of our statutory zoning scheme that the general public and parties interested in a zoning change are not expected to "employ the skills of a research librarian to determine" the location of a particular piece of property. (Internal quotation marks omitted.) *Bridgeport* v. *Planning & Zoning Commission*, 277 Conn. 268, 279, 890 A.2d 540 (2006). "[T]he purpose of the notice requirement is to provide *all* interested parties with *full* notice of *all* aspects of the proposed modification." (Emphasis in original.) Id. Although the motions at issue were placed on the court's short calendar for November 23, 2015, which provided notice to the public, including Londé, who appeared at that calendar, by filing their request for an earlier hearing without reasonable explanation, the parties violated our rules of practice and violated the intervenors' right to timely, *accurate* notice.

B

The intervenors claim that due to the violation of our rules of practice addressed in part III A of this opinion, they were denied their statutory right to intervene pursuant to § 22a-19 (a). We agree.

"Section 22a-19 (a) provides in relevant part: In any administrative, licensing or other proceeding, and in any judicial review thereof . . . *any person* . . . or other legal entity may intervene as a party on the filing of a verified pleading asserting that the proceeding or action for judicial review involves conduct which has, or which is reasonably likely to have, the effect of unreasonably polluting, impairing or destroying the public trust in the air, water or other natural resources of the state. Section 22a-19 (a) is in derogation of the common-law right to intervention. . . . [S]tatutes in derogation of common law should receive a strict construction and [should not] be extended, modified, repealed or enlarged in [their] scope by the mechanics of construction. . . . Environmental statutes, such as § 22a-19 (a), however, are considered remedial in nature and are to be construed liberally to accomplish their purpose. . . . Bearing in mind these contradictory principles of statutory construction, we must apply § 22a-19 (a) so as to serve its legislative purpose and avoid absurd consequences and bizarre results." (Citations omitted; internal quotation marks omitted.) *Diamond 67, LLC* v. *Planning & Zoning Commission*, supra, 117 Conn. App. 80.

This court has held that § 22-19 (a) permits intervention in a civil action for injunctive relief because an action fell within the ambit of the "other proceeding" language of the statute. See *Zoning Commission* v. *Fairfield Resources Management, Inc.*, 41 Conn. App. 89, 115–16, 674 A.2d 1335 (1996). If a person not a party has an interest or title which the judgment will affect, the court, on his or her application, shall direct him or her to be made a party. See *State Board of Education* v. *Waterbury*, 21 Conn. App. 67, 70 n.4, 571 A.2d 148 (1990). Would-be intervenors have a right to intervene pursuant to § 22a-19 (a), which permits intervention only for the purpose of raising environmental issues. See *Connecticut Fund for the Environment, Inc.* v. *Stamford*, 192 Conn. 247, 248 n.2, 470 A.2d 1214 (1984).

In the present matter, save for the fact that the short calendar hearing on the parties' motions, including the motion to open and modify the stipulated judgment, was manipulated by the parties' request to change the date of the short calendar hearing, the intervenors would have filed their motions in a pending proceeding. The intervenors had no notice that the subject motions in the present matter were to be heard on November 16, 2015, rather than on November 23, 2015. Moreover, as Judge Vacchelli stated during the hearing on the motions to intervene, the opening and closing of the action was almost instantaneous, hardly the sort of "hearing" our law contemplates. He also stated during the course of the hearing that a case is not opened merely by filing a motion to open. A case is not opened until the motion to open is granted by the court. We

agree.

The defendants argue that the parties agreed to have the motions considered on November 16, 2015. That well may be, but § 22a-19 (a) permits *any person* to intervene. Without accurate notice of the date the motion to open and modify the stipulated judgment was to be heard, the intervenors were deprived of the right to file motions to intervene in a pending action. In its memorandum of decision, the trial court stated that the hearing on the motion was public. That finding is factually correct, but legally inaccurate in the context of the present appeal. If any person or other legal entity did not have notice that the modified judgment was being presented for judicial review, the public nature of the hearing was not adequate for the purposes of § 22a-19 (a). We therefore conclude that because the intervenors did not have timely notice of a pending action in which they could intervene, the case on remand should be reopened and the intervenors permitted to file their motions to intervene.[11]

C

The intervenors also claim that because their motions to intervene were denied they could not participate in the hearing on the stipulated settlement that failed to conform to § 8-8 (n). We agree.

Section 8-8 (n) requires the approval by the Superior Court of any settlement of any zoning board appeal brought to the court. "Because the agreement of all parties is required to effectuate a settlement of an administrative appeal; see *AvalonBay Communities, Inc.* v. *Zoning Commission*, [supra, 87 Conn. App. 556]; environmental intervenors may oppose approval of a settlement agreement on the basis of the environmental concerns to which they have statutory standing." *Batchelder* v. *Planning & Zoning Commission*, supra, 133 Conn. App. 175–76.

"Under §§ 8-8 (n) and 22a-19, environmental intervenors have standing to raise environmental concerns regarding settlements of administrative appeals and can block the approval of settlements on that basis." Id., 181. A § 8-8 (n) hearing "is the statutorily prescribed method for satisfying the public concerns raised by the settlement of land use appeals." *Brookridge District Assn.* v. *Planning & Zoning Commission*, supra, 259 Conn. 618.

Our Supreme Court has had the opportunity to consider what constitutes a hearing and judicial approval of settlement agreements in land use and zoning disputes. "[A]ny person aggrieved by a decision of a municipal zoning or planning board has a right to appeal to the Superior Court. Should the parties to such a dispute wish to settle the dispute once such an appeal has been filed, § 8-8 (n) requires that the settlement be approved by the Superior Court after a hearing has been held."

(Footnote omitted.) *Willimantic Car Wash, Inc.* v. *Zoning Board of Appeals*, supra, 247 Conn. 734. "Section 8-8 (n) requires that no such appeal 'shall be withdrawn and no settlement between the parties to any such appeal shall be effective unless and until a hearing has been held before the Superior Court and such court has approved such proposed withdrawal or settlement.'" Id., 736.

According to a legal dictionary definition, a hearing is a "proceeding of relative formality . . . generally public, with definite issues of fact or of law to be tried, in which witnesses are heard and evidence presented, and in which parties to a dispute have a right to be heard." (Footnote omitted; internal quotation marks omitted.) Id., 737–38. "Hearings feature prominently in the zoning process because land use decisions are quintessentially decisions impacting the public. . . . Zoning regulation represents the common decision of the people to serve the common social and economic needs . . . for their mutual advantage and welfare . . . ." (Citation omitted; internal quotation marks omitted.) Id., 738.

This court "has recognized the policy of protecting the public interest by holding open hearings prior to Superior Court approval of a settlement of a land use appeal." Id., 741. "The purpose of the statute is to ensure that zoning matters can be scrutinized by the public by means of a public record. . . . The requirements of a hearing and of court approval serve to protect the integrity of the land use planning process by prohibiting side or secret settlements by parties once there has been an appeal to the Superior Court. . . . If, after appealing to the Superior Court, the parties could settle their dispute without the participation of the board and without a public hearing with formal procedural protections, the underlying statutory policy of protecting the public interest would be at risk." (Citations omitted; footnote omitted; internal quotation marks omitted.) Id., 742.

"[A] hearing held pursuant to § 8-8 [n] provides a forum for a presentation of any challenges to a settlement, including any allegations of bad faith, collusion or other improper conduct by the parties to a settlement." *Brookridge District Assn.* v. *Planning & Zoning Commission*, supra, 259 Conn. 616. A hearing held pursuant to §8-8 (n) must be open to the public. See *Willimantic Car Wash, Inc.* v. *Zoning Board of Appeals*, supra, 247 Conn. 743. It requires that parties be permitted to present evidence and to confront and cross-examine witnesses. Id. "In approving a settlement affecting the public interest . . . a trial court must be satisfied of the fairness of the settlement." (Internal quotation marks omitted.) Id., 744.

In the present matter, because the parties' motions, including the motion to open and modify the stipulated judgment, were written onto the November 16, 2015

short calendar, the intervenors, as well as the general public, were deprived of notice of the hearing. The defendants argue that the hearing was open to the public, but there was no notice to the public that the hearing was occurring on November 16, 2015. The intervenors and the general public were entitled to rely on the notice provided by the Judicial Branch website that posted the November 23, 2015 short calendar.

This court previously reviewed a case in which the Superior Court denied a § 22a-19 (a) motion to intervene in a consolidated action. See *Diamond 67, LLC* v. *Planning & Zoning Commission*, supra, 117 Conn. App. 72, 77. In that case, the motion to intervene had been filed in a pending proceeding. Id. The court, however, denied the motion on different procedural grounds. Id., 76–77. This court concluded that the grounds on which the court denied the motion were improper and reversed the judgment denying the motion to intervene and remanded the case "to the Superior Court with direction to open the judgment that was rendered in accordance with the settlement and to grant [the] motion to intervene. On remand, before rendering judgment in accordance with a settlement between the plaintiffs and the defendant, the court must conduct a hearing compliant with § 8-8 (n) to review the settlement, in which [the intervenor] is entitled to participate for the purpose of raising environmental issues." Id., 85. Although the intervenors' motions in the present case were not filed in a pending action, given the violation of our rules of practice as discussed in part III A of this opinion, we conclude that the judgment should be reversed and the case remanded in accordance with *Diamond 67, LLC*.[12]

The judgment denying the motions to intervene is reversed and the case is remanded for further proceedings consistent with this opinion.

In this opinion the other judges concurred.

* The listing of judges reflects their seniority status on this court as of the date of oral argument.

[1] General Statutes § 22a-14 provides: "Sections 22a-14 to 22a-20, inclusive, shall be known and may be cited as the 'Environmental Protection Act of 1971'."

[2] The plaintiff, the town of Griswold, did not submit a brief on appeal but adopted the brief of the defendants Pasquale Camputaro, Jr., executor of the estate of Pasquale Camputaro, and American Industries, Inc., and joined on the supplemental brief of those defendants. It appears that American Sand & Gravel, Inc., is still a defendant, as the action against it has not been withdrawn, but it is not a party to this appeal. In this opinion, our references to the defendants are to Pasquale Camputaro, Jr., and American Industries, Inc.

[3] The intervenors and the defendants did not address mootness in their briefs. Prior to oral argument, we ordered them to "be prepared to address . . . whether the trial court was bound to dismiss the motions to intervene as moot where the underlying actions had already gone to judgment at the time the motions were filed."

[4] Pasquale Camputaro died in October, 1996. Pasquale Camputaro, Jr., executor of the estate of Pasquale Camputaro, was substituted as a party defendant in May, 1997. For some reason, a second motion to substitute Pasquale Camputaro, Jr., as executor of the estate of Pasquale Camputaro, in lieu of Pasquale Camputaro was filed on October 28, 2015, and granted by the court, *Cosgrove, J.*, on November 16, 2015.

[5] The town alleged that the original defendants violated the town zoning regulations by operating an asphalt facility in a residential zone and that the business created a dangerous condition and objectionable noise, smoke, dust, and fumes.

[6] This court may take judicial notice of the files of the trial court in the same or other cases. *Disciplinary Counsel* v. *Villeneuve*, 126 Conn. App. 692, 703 n.15, 14 A.3d 358 (2011).

[7] The minutes of the special meeting indicate that the following individuals were present: Kevin Skulczyck, first selectman; Steve Mikutel, second selectman; Philip Anthony, third selectman; Mark Branse, town counsel; Eliza Heinz, town counsel; Harry Heller, counsel for the business; Pat Camputaro and John Versalone, for the business.

[8] At the time the motion to open was filed, American Industries, Inc., was not yet a party to the proceeding.

[9] General Statutes § 22a-19 (a) (1) provides in relevant part: "In any administrative . . . proceeding, and in any judicial review thereof made available by law . . . any person . . . may intervene as a party on the filing of a verified pleading asserting that the proceeding or action for judicial review involves conduct which has, or which is reasonably likely to have, the effect of unreasonably polluting, impairing or destroying the public trust in the air, water or other natural resources of the state."

[10] No court, however, could rule on those motions as there was no action pending. The underlying consolidated zoning matters had been settled by stipulated judgment in 1997. No action was pending until the court granted the motion to open.

[11] We note that Judge Cosgrove ordered the plaintiff to amend its complaint and serve the business on or before the second day following December 29, 2015. Following oral argument in this court, we issued the following order:

"All parties are hereby ordered to submit simultaneous supplemental briefs of no more than ten pages . . . to address the following questions:

"1. Did the trial court, *Cosgrove, J.*, have personal jurisdiction over American Industries, Inc., on November 16, 2015, when it opened the judgment and accepted the modified stipulated judgment?

"2. If not, did the trial court have authority to accept the stipulated judgment on November 16, 2015?

"3. If not, has a valid judgment entered?

"4. If no valid judgment was entered on November 16, 2015, and because the 1997 stipulated judgment was open, was the case pending at the time the would-be intervenors filed their petitions to intervene pursuant to General Statutes § 22a-19 and at the time the trial court, *Vacchelli, J.*, denied their petitions to intervene?"

In resolving this appeal, we need not decide whether the court had personal jurisdiction over the business. We also need not determine whether the court effectively retained jurisdiction over the matter pending the return of service as to the business.

[12] On appeal, the defendants claim that (1) the trial court did not have authority to entertain environmental issues which exceeded the administrative jurisdiction of the plaintiff in the underlying administrative proceeding and (2) the petitions filed by the intervenors failed to satisfy the statutory requirements of § 22a-19 (a) (2). Judge Vacchelli did not reach the merits of the petitions to intervene, and therefore, the defendants' claims are not properly before us.