******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# TOWN OF GRISWOLD *v.* PASQUALE
## CAMPUTARO ET AL.
## (SC 20061)

Robinson, C. J., and Palmer, McDonald, D'Auria,
Kahn, Ecker and Vertefeuille, Js.

*Syllabus*

The proposed intervenors, L and R, appealed from the trial court's denial of their motions to intervene in a consolidated zoning appeal and zoning enforcement action brought by the plaintiff town against the defendants C and S Co. regarding the operation of an asphalt manufacturing facility near the properties of L and R. In 1994, the plaintiff's zoning commission issued an order directing C and S Co. to cease operating an asphalt manufacturing facility on their property. C and S Co. appealed from that order to the plaintiff's zoning board of appeals, which declined to consider the appeal. Thereafter, C and S Co. filed an appeal in the Superior Court. While the zoning appeal was pending, the town commenced a zoning enforcement action against C and S Co., seeking, inter alia, an injunction prohibiting them from operating the asphalt manufacturing facility on their property. The trial court thereafter consolidated the zoning appeal and the enforcement action, and, following C's death, granted the motion to substitute P, as executor of C's estate, as a defendant. In 1997, the parties settled their dispute and entered into a stipulated judgment, which was approved by the court. In 2015, after the town received complaints that the continued operation of the asphalt manufacturing facility violated the terms of the stipulated judgment, P filed a motion to cite in A Co., the operator of the asphalt manufacturing facility, as a defendant. The parties subsequently reached an agreement to modify the stipulated judgment and, on November 12, 2015, filed a joint motion to open and modify that judgment. The pending motions were scheduled to be heard at short calendar on November 23, 2015, and notice of the date of the short calendar was posted on the Judicial Branch website. Thereafter, counsel for the defendants filed a caseflow request, with the town's consent, seeking to add the motion to open and modify to the November 16, 2015 short calendar in order to expedite judicial approval of the modification to the stipulated judgment. The trial court granted the caseflow request and, at the November 16, 2015 short calendar, granted the motion to cite in A Co. as a defendant and the motion to open and modify the judgment. On November 23, 2015, the date on which those motions were originally scheduled to be heard, L appeared and filed a motion to intervene pursuant to the intervention provision of the Environmental Protection Act (§ 22a-19 [a] [1]) in order to raise claims of environmental harm. On December 9, 2015, R filed a motion to intervene pursuant to § 22a-19 (a) (1). The trial court denied L's and R's motions to intervene on the ground that there was no proceeding pending before the court in which to intervene, as the case was resolved on November 16, 2015, when the court opened the judgment and accepted the parties' proposed modifications thereto. Subsequently, L and R appealed to the Appellate Court, which reversed the trial court's denial of their motions to intervene. The Appellate Court concluded that the trial court's expedited consideration of the motion to open and modify denied L and R their statutory right to intervene pursuant to § 22a-19 (a) (1), as well as their right to participate in the hearing on the stipulated settlement pursuant to the statute (§ 8-8 [n]) requiring that the trial court hold such a hearing. The Appellate Court also concluded that the trial court violated the rule of practice (§ 11-15) governing the timing of the assignment of short calendar matters by holding short calendar on the motion to open and modify less than five days after it was filed in accordance with the parties' caseflow request. On the granting of certification, the plaintiff, P and A Co. filed a joint appeal with this court from the judgment of the Appellate Court. *Held* that the Appellate Court properly reversed the trial court's denial of the motions to intervene filed by L and R: this court adopted the Appellate Court's thorough and well reasoned opinion as a proper state-

ment of the issues and the applicable law concerning those issues, with the exception of the Appellate Court's analysis of Practice Book § 11-15; moreover, with respect to the Appellate Court's conclusion that the trial court's expedited consideration of the parties' motion to open and modify violated § 11-15, this court clarified that, although § 11-15 requires that no matter shall be assigned unless filed at least five days before the opening of court on short calendar day, that default rule is subject to the discretion of the judicial authority, which has broad discretion in matters of case management and generally may schedule a motion for a hearing less than five days before the opening of court on short calendar day provided that the parties and others who may have a legal interest in the proceeding are afforded fair notice and sufficient time to prepare, and, in the present case, that discretion was circumscribed by §§ 8-8 (n) and 22a-19 (a) (1), which required timely, accurate notice to nonparties seeking to exercise their statutory right to intervene and to raise environmental concerns in the context of settlements of administrative appeals.

Argued January 22—officially released May 21, 2019

*Procedural History*

Action for, inter alia, a temporary and permanent injunction prohibiting the defendants from operating an asphalt plant, and for other relief, brought to the Superior Court in the judicial district of New London and transferred to the Superior Court in the judicial district of New London at Norwich, where the court, *Hendel, J.*, granted the defendants' motion to consolidate this action with an appeal filed by the defendants from a decision by the Zoning Board of Appeals of the Town of Griswold denying an appeal from a cease and desist order; thereafter, the court, *Booth, J.*, granted the defendants' motion to substitute Pasquale Camputaro, Jr., executor of the estate of Pasquale Camputaro, as a defendant; subsequently, the court, *Handy, J.*, rendered judgment in accordance with a stipulation of the parties; thereafter, the case was transferred to the Superior Court in the judicial district of New London; subsequently, the court, *Cosgrove, J.*, granted the defendants' motion to cite in American Industries, Inc., as a defendant and the parties' joint motion to open and modify the judgment; thereafter, the court, *Vacchelli, J.*, denied the motions to intervene filed by Kathryn B. Londé and Jeffrey Ryan, and the proposed intervenors appealed to the Appellate Court, *Lavine, Mullins* and *Mihalakos, Js.*, which reversed the trial court's denial of the motions to intervene and remanded the case for further proceedings, and the plaintiff and the defendant Pasquale Camputaro, Jr., executor of the estate of Pasquale Camputaro, et al., on the granting of certification, filed a joint appeal with this court. *Affirmed.*

*Harry B. Heller*, with whom, on the brief, was *Mark K. Branse*, for the appellants (plaintiff and defendant Pasquale Camputaro, Jr.).

*Derek V. Oatis*, for the appellees (proposed intervenors).

*Opinion*

PER CURIAM. This certified appeal arises from a consolidated zoning appeal and enforcement action relating to a manufacturing facility located in Jewett City, which had been subject to a long-standing stipulated judgment imposing various restrictions on its operation since 1997 (1997 stipulated judgment). After a short calendar hearing held on November 16, 2015, the trial court opened and modified the 1997 stipulated judgment by agreement of the parties. The issue on appeal concerns the fact that the public had been informed that the parties' joint motion to open and modify the judgment would not be heard until one week later, at a short calendar hearing scheduled to occur on November 23, 2015. A landowner who resides near the manufacturing facility, Kathryn B. Londé, appeared at the publicly noticed short calendar hearing on November 23, 2015, intending to a file a motion to intervene pursuant to General Statutes § 22a-19[1] for the purpose of raising claims of environmental harm, only to learn that the hearing had occurred one week earlier and that the 1997 stipulated judgment already had been modified. Londé nonetheless filed her motion to intervene. On December 9, 2015, another proposed intervenor, Jeffrey Ryan, also filed a motion to intervene pursuant to § 22a-19, alleging environmental harm. The trial court denied the motions to intervene as untimely.

Londé and Ryan (proposed intervenors) appealed to the Appellate Court, which reversed the judgment of the trial court. *Griswold* v. *Camputaro*, 177 Conn. App. 779, 802, 173 A.3d 959 (2017). The Appellate Court concluded that the trial court's expedited consideration of the parties' joint motion to open and modify the 1997 stipulated judgment "violated our rules of practice," "violated the [proposed] intervenors' right to timely, *accurate* notice," and denied the proposed intervenors "their statutory right[s] to intervene pursuant to § 22a-19 (a)" and to "participate in the hearing on the stipulated settlement" pursuant to General Statutes § 8-8 (n). (Emphasis in original.) Id., 796, 799. We affirm the judgment of the Appellate Court.

The record reflects the following relevant facts and procedural history. Pasquale Camputaro owned and operated an asphalt manufacturing facility, American Sand & Gravel, Inc., located at 630 Plainfield Road in Jewett City. On December 2, 1994, the Planning and Zoning Commission of the Town of Griswold issued a cease and desist order directing the original defendants—Pasquale Camputaro and American Sand & Gravel, Inc.[2]—to discontinue the use and operation of the property as an asphalt manufacturing facility. The original defendants moved to dismiss the cease and desist order, but their motion was denied. The original defendants subsequently filed an appeal with the Griswold Zoning Board of Appeals, which refused to con-

sider the appeal for lack of jurisdiction. They then filed an appeal in the Superior Court (administrative appeal).

In the meantime, on January 10, 1995, the plaintiff, the town of Griswold (town), filed a complaint and request for injunctive relief against the original defendants, alleging that the operation of the property as an asphalt manufacturing facility violated the town's zoning regulations (zoning enforcement action). The original defendants responded that their use of the property predated the zoning regulations and, therefore, was a valid preexisting nonconforming use. The trial court consolidated the original defendants' administrative appeal with the town's zoning enforcement action.

In 1997, Camputaro died, and his son and executor of his estate, Pasquale Camputaro, Jr., was substituted as a defendant. Soon thereafter, the parties reached a settlement, and the 1997 stipulated judgment was approved by the court on August 4, 1997.

Approximately seventeen years later, the town began to receive complaints that the operation of the asphalt manufacturing facility violated the 1997 stipulated judgment. Although there had been no activity in the case since the entry of the 1997 stipulated judgment, Camputaro, Jr., moved on October 28, 2015 to cite in American Industries, Inc., which is the operator of the asphalt manufacturing facility, as an additional party because it "has been an integral party responsible for the compliance with" the 1997 stipulated judgment. Camputaro, Jr., also filed a second motion to substitute himself as a defendant for Pasquale Camputaro.

On November 12, 2015, the parties filed a joint motion to open and modify the 1997 stipulated judgment. As pertinent to this appeal, the proposed modified judgment included changes to "the restrictions on the operation" of the asphalt manufacturing facility "[i]n recognition of the fact that governmental projects now require that paving occur during nighttime hours . . . ." Most significantly, the modified judgment permitted the asphalt manufacturing facility more than twice the amount of "extra operating hours" per year.[3] The clerk of the court scheduled all pending motions in the case to be heard at a short calendar hearing on November 23, 2015, and notice thereof was posted on the Judicial Branch website.

Unbeknownst to the public, however, the hearing date was moved up to November 16, 2015, after the defendants filed a caseflow request, with the consent of the town, asking the trial court to add the motion "to [the] Monday, November 16, 2015 short calendar in order to expedite judicial approval of a stipulated judgment modification." The trial court granted the defendants' caseflow request and, at the rescheduled November 16, 2015 short calendar hearing, granted (1) the motion to substitute Pasquale Camputaro, Jr., for

Pasquale Camputaro, (2) the motion to cite in American Industries, Inc., as a defendant, and (3) the parties' joint motion to open and modify the 1997 stipulated judgment. The trial court ordered that, on or before December 17, 2015, "the complaint be amended to state facts showing the interest of the plaintiff." Moreover, because the new defendant, American Industries, Inc., had not yet been named in the complaint or served with process, the court also ordered that American Industries, Inc., be summoned to appear as a defendant on or before the second day following December 29, 2015. An amended complaint and a return of service were filed on December 1, 2015.

In the meantime, on November 23, 2015—the date on which the parties' joint motion to open and modify the judgment originally was scheduled to be heard—proposed intervenor Londé filed a verified motion to intervene pursuant to § 22a-19. Approximately sixteen days later, on December 9, 2015, proposed intervenor Ryan also filed a verified motion to intervene pursuant to § 22a-19. The proposed intervenors both averred that they each owned property less than one quarter of one mile from the defendants' asphalt manufacturing facility and "the activities conducted and proposed by [the] defendants . . . are reasonably likely to have the effect of unreasonably polluting, impairing or destroying the public trust in the air, water or other natural resources of the state . . . ." Camputaro, Jr., American Industries, Inc., and the town objected and jointly argued that the motions to intervene should be denied because, among other reasons, "[t]here is no matter pending before this court, and, therefore, no proceeding in which to intervene to raise environmental issues, if there are any," in light of the entry of the modified judgment on November 16, 2015. The trial court agreed with the parties that "[t]he case was resolved by a stipulated judgment on November 16, 2015," and, therefore, denied the motions to intervene.

The Appellate Court reversed the trial court's denial of the motions to intervene. See *Griswold* v. *Camputaro*, supra, 177 Conn. App. 802. The Appellate Court reasoned that the expedited consideration of the parties' joint motion to open and modify the judgment violated Practice Book § 11-15, which provides in relevant part that short calendar matters may not be "assigned unless filed *at least five days* before the opening of court on the short calendar day. . . ." (Emphasis added.) "By granting the defendants' request that the matter be written on the November 16, 2015 short calendar," only four days after the filing of the parties' joint motion to open and modify, the Appellate Court determined, the "[trial] court violated our rules of practice." *Griswold* v. *Camputaro*, supra, 177 Conn. App. 795.

The Appellate Court also held that the expedited consideration of the parties' joint motion to open and mod-

ify the judgment "violated the [proposed] intervenors' right to timely, *accurate* notice" of the proceedings. (Emphasis in original.) Id., 796. The Appellate Court pointed out that § 22a-19 provides prospective intervenors with "a right to intervene . . . for the purpose of raising environmental issues," but, despite this statutory right of intervention, "no notice" was provided that the joint motion to open and modify was "to be heard on November 16, 2015, rather than on November 23, 2015." Id., 797. "Without accurate notice of the date the motion to open and modify the stipulated judgment was to be heard, the [proposed] intervenors were deprived of the right to file motions to intervene in a pending action." Id., 798. Therefore, the "the public nature of the hearing was not adequate for the purposes of § 22a-19 (a)." Id.

Lastly, the Appellate Court held that the "almost instantaneous" "opening and closing of the action" on the same day, with no notice to the public; id., 797–98; denied the proposed intervenors of "their statutory right[s] to intervene pursuant to § 22a-19 (a)"; id., 796; and to "participate in the hearing on the stipulated settlement" pursuant to § 8-8 (n). Id., 799. We granted the joint petition of Camputaro, Jr., American Industries, Inc., and the town for certification to appeal from the judgment of the Appellate Court. See *Griswold* v. *Camputaro*, 328 Conn. 904, 177 A.3d 1159 (2018).

We agree with the Appellate Court's thorough and well reasoned opinion and adopt it as our own, with one exception. We write separately to clarify that, although Practice Book § 11-15 provides that "[n]o [short calendar] matters shall be . . . assigned unless filed at least five days before the opening of court on the short calendar day," this default rule is subject to the discretion of the judicial authority. See Practice Book § 11-13 (a) ("[u]nless otherwise provided . . . by the judicial authority . . . all motions and objections to requests when practicable, and all issues of law must be placed on the short calendar list"). Practice Book § 11-13 (a) reflects the well established rule that the trial court has broad discretion in matters of case management, including the scheduling of short calendar motions. See, e.g., *Krevis* v. *Bridgeport*, 262 Conn. 813, 818–19, 817 A.2d 628 (2003) (noting that "[t]he case management authority is an inherent power necessarily vested in trial courts to manage their own affairs in order to achieve the expeditious disposition of cases" and that trial courts have "wide latitude" to "manage cases" consistent with "judicial economy and justice"); *Peatie* v. *Wal-Mart Stores, Inc.*, 112 Conn. App. 8, 12, 961 A.2d 1016 (2009) (noting that trial court has "broad discretion" in "matters involving judicial economy, docket management [and control of] courtroom proceedings" [internal quotation marks omitted]). Thus, the trial court generally has broad discretion to schedule a short calendar motion for a hearing less than five days before

the opening of court on the short calendar day, provided the expedited consideration of the motion affords the parties, and others who may have a legal interest in the proceeding, with "fair notice" and "sufficient time to prepare themselves upon the issue." (Internal quotation marks omitted.) *Byars* v. *FedEx Ground Package System, Inc.*, 101 Conn. App. 44, 49, 920 A.2d 352 (2007) (explaining purpose of five day rule in Practice Book § 11-15); see also *Udolf* v. *West Hartford Spirit Shop, Inc.*, 20 Conn. App. 733, 736, 570 A.2d 240 (1990) (noting that predecessor to Practice Book § 11-13 "allows for the expeditious, alternative, discretionary hearing of motions").

In the present case, however, the trial court's discretion to reschedule the short calendar hearing on the parties' joint motion to open and modify the 1997 judgment was circumscribed by §§ 8-8 (n) and 22a-19, which provide "environmental intervenors [with] standing to raise environmental concerns regarding settlements of administrative appeals" and permit such intervenors to "block the approval of settlements on that basis." (Internal quotation marks omitted.) *Griswold* v. *Camputaro*, supra, 177 Conn. App. 799. These statutes require "timely, *accurate* notice" to nonparty members of the general public who may wish to exercise their statutory right to intervene, including accurate notice of the date on which the proposed hearing is scheduled to occur. (Emphasis in original.) Id., 796. Here, the trial court's rescheduling of the statutorily mandated hearing in response to the defendants' caseflow request and its "almost instantaneous" opening and closing of the 1997 stipulated judgment are "hardly the sort of ['fair notice' or] 'hearing' our law contemplates." Id., 798. Accordingly, with the exception of the Appellate Court's analysis of Practice Book § 11-15, we adopt the Appellate Court's thorough and well reasoned opinion as a proper statement of the issues and the applicable law concerning those issues. See, e.g., *Brenmor Properties, LLC* v. *Planning & Zoning Commission*, 326 Conn. 55, 62, 161 A.3d 545 (2017); *Recall Total Information Management, Inc. v. Federal Ins. Co.*, 317 Conn. 46, 51, 115 A.3d 458 (2015).

The judgment of the Appellate Court is affirmed.

[1] General Statutes § 22a-19 (a) (1) provides: "In any administrative, licensing or other proceeding, and in any judicial review thereof made available by law, the Attorney General, any political subdivision of the state, any instrumentality or agency of the state or of a political subdivision thereof, any person, partnership, corporation, association, organization or other legal entity may intervene as a party on the filing of a verified pleading asserting that the proceeding or action for judicial review involves conduct which has, or which is reasonably likely to have, the effect of unreasonably polluting, impairing or destroying the public trust in the air, water or other natural resources of the state."

[2] We hereinafter refer to Pasquale Camputaro and American Sand & Gravel, Inc., as the original defendants.

[3] The 1997 stipulated judgment limited the number of "extra operating hours" to fifty hours per year. The 2015 modified judgment increased the number of "extra operating hours" to 128 hours per year.